MONEY v. THE LOWER VEIN COAL CO.

1. Master and Servant: NEGLIGENCE: PERSONAL INJURY. Where an employe knows, or by the exercise of ordinary care might know, of dangers attending his employment, and continues therein without protest, he assumes the risk from such dangers, and cannot recover for an injury received in consequence. Instructions in an action to recover for an injury to an employe in a coal mine considered and held erroneous, as announcing a different rule.

*Appeal from Boone District Court.*

TUESDAY APRIL 20.

THE plaintiff brings this action to recover for injuries received while working as a miner in defendant's coal mine. He alleges that the defendant was negligent in failing to support the roof of the entry where he was at work. The trial was to a jury and resulted in a verdict and judgment for the plaintiff in the sum of $800. The defendant appeals.

*Kidder & Crooks*, for appellant.

*Hull & Whitaker*, for appellee.

DAY J.—The plaintiff is an experienced miner, having been engaged in the business for thirty years, although not acquainted with the formation of roof found in defendant's mine. At the time of the injury he had been employed in defendant's mine eight or nine days. He was engaged in breaking a room off of a branch of the main entry. Whilst he was thus employed a portion of the cap rock forming the roof of the entry, the weight of which was variously estimated at from three or four to seven or eight hundred pounds, fell upon him, breaking his left thigh. The evidence shows that the business of mining is a hazardous one. Portions of the roof often fall. The miners are in the habit of frequently tapping the roof with

*1. MASTER and servant: negligence: personal injury.*

their tools for the purpose of determining, by the sound, its condition. Evidence was introduced tending to show that this was necessary to their safety; and that it is their duty to watch and ascertain the condition of the roof in the particular locality in which they may be employed. Evidence was further introduced that the effect of opening a room on the side of an entry is to weaken the roof; that it becomes necessary to support it with props; that the company furnishes props, and it is the duty of the miner to put them up; that the plaintiff was directed to prop the roof; that he thought the cap rock was safe where he was working and used his own judgment as to its safety.

I. The court gave the jury, amongst others, the following instructions:

" 4. If the injury was caused by the unexpected fall of cap rock from the roof of the mine, and neither the plaintiff or defendant knew of the danger, and could not have discovered it by the use of ordinary care and prudence; that it was an unavoidable casualty for which there is no liability, and plaintiff could not recover.

" 5. The law requires that the underground manager of every mine must be a practical miner, or one acquainted with the working and management of mines. If you find, from the evidence, that the defendant knew of the danger to which plaintiff was subject, or could have discovered it by the use of ordinary care and caution, or if the fact that the entry was left without support other than the side walls to prevent the falling of the roof was unusual and dangerous, defendant would be liable.

" 6. If the mining company used ordinary care and prudence in the construction of the entry where plaintiff was working at the time of the accident; that the roof of the entry was supported as well as would be required by the rules and customs of ordinarily careful and skillful miners under like circumstances, and there was no reason to apprehend danger which was or could have been discovered by ordinary care, or

if the plaintiff knew of the danger, and defendant did not, and he could have avoided it by ordinary care, he could not recover."

These instructions do not properly present the law of this case. The propositions which they embody are as follows: 1. If neither party knew, or by the use of ordinary diligence could have discovered, the danger, the accident is an unavoidable casualty for which there is no liability. 2. If the defendant knew, or by the use of ordinary care could have discovered, the danger, it is liable. 3. If the plaintiff knew of the danger and could have avoided it by ordinary care, and the defendant did not know of the danger, plaintiff cannot recover. Under these instructions the only condition of defendant's liability is knowledge of the danger, or the ability to discover it by ordinary care. The only condition of non liability is lack of knowledge on the part of both parties, or knowledge on the part of plaintiff in the absence of knowledge on the part of the defendant. The true rule is that if the plaintiff knew, or by the exercise of ordinary care might have known, of the unsafe condition of the roof, and he continued to work in the dangerous place without protest or complaint, and without being induced to believe that a change would be made, he assumed the risk and cannot recover. See *Way v. The Illinois Central Railroad Co.*, 40 Iowa, 341; *Muldowney v. Illinois Central Railroad Co.*, 39 Id., 615; *Kroy v. C. R. I. & P. Railway Co.*, 32 Id., 357; *Greenleaf v. Illinois Central Railroad Co.*, 29 Id., 14; Shearman and Redfield on Negligence, Section 99.

II. The defendant assigns as error the refusal of the court to give the following instruction:

" If the plaintiff knew of the condition of the mine where he was working, and observed its condition, and was an experienced miner, and said mine appeared safe, and he so thought, and it was his duty to judge and determine, and not upon the judgment of another, and if he could, by tapping the roof, and by observing the same, judge of its safety as

well as the other and competent employes of the defendant, then he cannot recover in this action." Under the evidence introduced, this instruction, or one embodying substantially its propositions, should have been given.

REVERSED.