[No. 1298.]

## JEREMIAH PATNODE, APPELLANT, v. GEORGE HARTER, ET AL., RESPONDENTS.

ACTION TO RECOVER DAMAGES AGAINST MINE OWNERS—INJURIES TO EMPLOYEE — CONTRIBUTORY NEGLIGENCE — NONSUIT.—In an action for personal injuries received while employed in defendant's mine, plaintiff's evidence showed that he was an experienced miner; that at the request of a fellow-workman at a windlass at the top of an incline, plaintiff, who was at the bottom, started up to loosen a bucket which had become fastened, and which the fellow-servant was hauling up, when the rope to which the bucket was attached broke, and the bucket fell on plaintiff, causing the injuries sued for; that it was a rule of the mine that no one should follow up a loaded bucket, though the men were in the habit of so doing when the bucket became fastened; that the rope was an inch rope which had been in use two or three weeks; that plaintiff knew that it looked old, and was worn, but had never called defendants' attention thereto; that he had always seen an inch and a quarter rope used for the work, and knew that it was dangerous to follow the bucket up; that plaintiff had the handling of the rope, changing it from one bucket to another, and was familiar with everything connected with the incline; and that there was new rope in the office, to be used when needed. *Held*, that a nonsuit was properly granted.

APPEAL from the District Court of the State of Nevada, White Pine County.

A. L. FITZGERALD, District Judge.

The facts are stated in the opinion.

· *Baker & Wines* and *Henry Rives*, for Appellant.

I. Appellant was in the employ. of respondents as a miner, and consequently a contract relation existed between the parties to this action. Proof of the accident and of the injury inflicted and damages sustained by the appellant makes a *prima facie* case, and the burden of showing the absence of negligence upon the part of respondents, or the existence of contributory negligence upon the part of appellant, was cast upon the respondents. (*Fairchild* v. *Cal. Stage Co.*, 13 Cal. 599; *Boyce* v. *Cal. Stage Co.*, 25 Cal. 460; *Lawrence* v. *Green*, 70 Cal. 417; 59 Am. Rep. 428; *White* v. *Boston R. R. Co.*, 144 Mass. 404.)

II. It is the duty of the employer to furnish safe appliances and machinery for the use of their servants, and to exercise

care and diligence in the employment of foreman and co-laborers, and in case of a failure to comply with these requirements, and an accident occurs by reason of such failure, whereby a person is injured, the defendant is liable. (*Flike* v. *Boston & Albany R. R.*, 53 N. Y. 550; 13 Am. Rep. 545; *Laning* v. *New York C. R. R. Co.*, 49 N. Y. 524; 10 Am. Rep. 417; *Booth* v. *Boston & Albany R. R. Co.*, 73 N. Y. 38; 29 Am. Rep. 97; *Plank* v. *Hudson River R. R. Co.*, 60 N. Y. 607; *Wedgwood* v. *Chicago & N. W. R. R. Co.*, 41 Wis. 482; *Brabbits* v. *Chicago & N. W. R. R. Co.*, 38 Wis. 293; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 259; 14 Am. Rep. 598; *McGatrick* v. *Wason*, 4 Ohio St. 575; *Coombs* v. *New Bedford Co.*, 102 Mass. 583; 3 Am. Rep. 506; *Huddlestone* v. *Lowell Machine Shop*, 106 Mass. 284; *Pantzar* v. *Tilly Foster M. Co.*, 99 N. Y. 368; *Gilman* v. *Eastern R. R. Corp.*, 13 Allen, 440; 90 Am. Dec. 210; *Benzing* v. *Steinway & Sons*, 101 N. Y. 547; *Hough* v. *Texas etc. R. R. Co.*, 100 U. S. 213; *Trask* v. *Cal. S. R. R. Co.*, 63 Cal. 96.)

III. Under the evidence in this case it was for the jury to say under proper instructions from the court whether the plaintiff was guilty of contributory negligence, which proximately contributed to the injury complained of. (*Shierhold* v. *North B. & M. R. R. Co.*, 40 Cal. 447; *Needham* v. *San Francisco & S. J. R. R. Co.*, 37 Cal. 410; *Bunting* v. *Central Pac. R. R. Co.*, 16 Nev. 283; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409; *Griffin* v. *Town of Willow*, 43 Wis. 511; *Bunting* v. *Central Pac. R. R. Co.*, 14 Nev. 355; *Longabaugh* v. *Virginia City & T. R. R. Co.*, 9 Nev. 294; *Mahoney* v. *Metropolitan R. R. Co.*, 104 Mass. 73.)

IV. The foreman of the mine having charge of the men and authority to direct their movements, and general supervision over the work, occupied the position of the principal himself, and his negligence is attributed to the principal. (*Wedgwood* v. *Chicago & N. W. R. R. Co.*, 41 Wis. 482; *Hough* v. *R. R. Co.*, 100 U. S. 218; *Brabbits* v. *Chicago & N. W. R. R. Co.*, 38 Wis. 295; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 260; 14 Am. Rep. 598; *Flike* v. *Boston & A. R. R. Co.*, 53 N. Y. 553; 13 Am. Rep. 545; *Booth* v. *Boston & A. R. R. Co.*, 73 N. Y. 40; 29 Am. Rep. 97; *Benzing* v. *Steinway & Sons*, 101 N. Y. 547.)

*Wren & Cheney*, for Respondent.

I. A plaintiff is bound to use due care and reasonable diligence, and to exercise ordinary care and prudence; he must use his ordinary faculties in protecting himself from danger, and if he fails to use his eyes and ears, having the opportunity and

ability so to do, then the court is authorized to grant a nonsuit upon the ground of contributory negligence. (*Solon* v. *Virginia & T. R. R. Co.*, 13 Nev. 106; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 141; *Bunting* v. *Central Pac. R. R. Co.*, 14 Nev. 351; Beach Con. Neg., Secs. 123; 137, 139; *Wright* v. *New York C. R. R. Co.*, 25 N. Y. 566; *McGlynn* v. *Brodie*, 31 Cal. 376; *Burke* v. *Witherbee*, 98 N. Y. 562; *Wells* v. *Coe*, 9 Col. 159; *Heath* v. *Whitebreast C. & M. Co.*, 65 Ia. 737; *Central R. R. & B. Co.* v. *Kenney*, 58 Ga. 485.)

II.   A servant cannot recover from his master for injuries caused by unnecessarily placing himself in a place of known danger. (*Baltimore etc. R. R. Co.* v. *Jones*, 95 U. S. 439; *Schaefler* v. *Sandusky*, 33 Ohio St. 246; 31 Am. Rep. 533; *Goldstein* v. *Chicago etc. R. R. Co.*, 46 Wis. 404; *Kielley* v. *Belcher S. & M. Co.*, 3 Saw. 503; *The Chandos*, 6 Saw. 544.)

III.   The rule that the master is liable for injuries to the servant, caused by defective machinery, does not apply in cases of common and well-known tools and appliances. (*Marsh* v. *Chickering*, 101 N. Y. 398; *Cahill* v. *Hilton*, 106 N. Y. 512.)

IV.   The true rule is that if the negligence of the plaintiff contributed *in any degree* to cause or occasion the accident, there can be no recovery. (Beach Con. Neg. 36.)

V.—The burden is upon the plaintiff to show that his conduct did not contribute to the injury. (Beach Con. Neg. 155, 160.) This position is further sustained by the rule of law that proof of a proposition, whether affirmative or negative, should come from the party who can the most easily and satisfactorily furnish it.   (1 Whar. Ev., Sec. 367; Lawson Pre. Ev. 20.)

By the Court, Murphy, J.

This is an action to recover damages for injuries received by plaintiff while employed at work in defendants' mine. The court below granted a nonsuit upon the ground that the testimony introduced by the plaintiff showed that the plaintiff had by his own negligence proximately contributed to the injuries he received. The testimony shows that plaintiff was forty-two years of age; that he had been engaged in the business of mining for a number of years; that he had been at work for defendants for a period of sixteen days; that the mine of defendants was worked with a windlass over an incline, which was mostly at an angle of forty-five degrees, the lower part of the incline was about sixty degrees; that there were skids and two

runways for buckets, about eight inches apart; that there was a ladderway on one of the runways; that three buckets were in use in the incline—one going up as the other came down and one was being filled while the loaded one was being hauled up and the empty one lowered; that three of the employees were in the incline—two at the windlass, and one at the bottom, filling the buckets; that it was a custom of these three men to take turns about at the windlass and filling the buckets, and all did the same kind of work at times; that on the day the injuries were received plaintiff was at work at the bottom of the incline, filling buckets; that he had put a few inches of dirt in the bottom of the bucket, then six drills, and one short pick, and then filled the bucket to within a few inches of the top with dirt; that plaintiff was looking up the incline, and the bucket got caught; "that one of the men at the windlass hallooed to loose the bucket," and he started up to relieve the bucket, and when up about twenty-five feet from the bottom of the incline the rope broke, and the bucket fell upon him, causing the injuries he received; that it was a rule of the mine that no man should follow up a loaded bucket; that the men at the windlass were, however, in the habit of calling to the man below to come up and loosen the bucket, and the man below was in the habit of so doing; that the rope used was an inch rope; that it had been in use for two or three weeks; that there was rope in the office to be put on when a new rope was needed; that when the bucket caught, as it was apt to do when tools were put therein, and sometimes from rough places in the skids, it was the custom of the windlass men to try and shake it loose, and sometimes they would pull on the rope. Plaintiff knew it was dangerous to follow the bucket up the incline. He knew that the rope looked old, and had been worn from dragging on the skids or cross-beams which held or supported the two runways for the buckets, but had never called the attention of the owners of the mine, or their foreman, thereto.

This is substantially the testimony introduced upon the part of the plaintiff, and upon which the nonsuit was granted. Whether a case should be withdrawn from the jury, and the plaintiff nonsuited, is purely a question of law. When properly made, it is simply a decision that the law affords no relief upon the evidence adduced, admitting every fact and conclusion

which it tends to prove. It is not a decision upon the weight of the evidence where it is conflicting, but that. it is not sufficient to justify its submission to the jury. (*Cooper* v. *Pacific Mut. Ins. Co.*, 7 Nev. 121; 8 Am. Rep. 705; *Pratt* v. *Hull*, 13 Johns. 335.)

Did the plaintiff contribute in any degree to the injuries received by him when he left the bottom of the shaft and ascended the incline for the purpose of loosening the bucket, knowing it to be dangerous to do so. In *Harper* v. *Erie Ry. Co.* 32 N. J. Law, 88, the court said: "When, in an action for damages, it appears from the evidence that the plaintiff has been guilty of great imprudence, which was at least one of the proximate causes of the injury which befell him, the law does not afford him any compensation, and the question upon the point of the existence of negligence in the conduct of the defendant becomes wholly unimportant." To the same effect are the following cases: *Runyon* v. *Central R. R. Co.*, 25 N. J. Law, 556; *Waite* v. *Railroad Co.*, 96 E. C. L., 725; *Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 257. In *Houston etc. Ry. Co.* v. *Fowler*, 56 Tex. 457, Bonner, J., said: "The master will not be liable for any injuries resulting to the servant from causes open to the observation of the servant, and which it requires no special skill or training to foresee will be likely to occasion him harm. * * * When a servant of mature years undertakes any labor * * * the risks incident to which are equally open to the observation of himself and the master, the servant takes upon himself all such risks." (See also, 2 Thomp. Neg. 1008; *Rush* v. *Missouri Pac. Ry. Co.*, 36 Kan., 133; *Berger* v. *St. Paul etc. Co.*, 39 Minn. 78; *Thompson* v. *Flint etc. Ry. Co.*, 57 Mich. 308; *New York etc. Ry. Co.* v. *Lyons*, 119 Pa. St. 336; *Deville* v. *Southern Pac. R. R. Co.*, 50 Cal. 385; *Solen* v. *Virginia etc. R. R. Co.*, 13 Nev. 120; *Bunting* v. *Central Pac. R. R. Co.*, 14 Nev. 356; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 141; *Central R. R. & B. Co.* v. *Kenney*, 58 Ga. 490.) It is the duty of the employer to furnish his employe suitable and adequate tools and implements for his use. When he has done this he does not engage, however, that they will always continue in the same condition, and any defect which may become apparent from their use it is the duty of the employe to observe and forthwith report the same. An employe who before the injury had knowledge of the defect in the tools or implements, or who, having a reasonable opportunity to inform himself, ought to have known such defects, is to be presumed, by his remaining in the employment, to have

assumed the risk of such danger, and cannot recover for an injury resulting therefrom; and his knowledge will have the same effect whether his employer was informed or ignorant of such defect; and this rule applies with much greater force when the defect or danger is obvious to the senses.

In *Sullivan* v. *Bridge Co.*, 9 Bush, 89, the court said: "He not only had the means of knowing, but did know, the danger he was incurring, and voluntarily placed himself in a position where he lost his life; when, by the exercise of · ordinary care for his own safety, he might have avoided it." (*Houston etc. Ry. Co.* v. *Fowler*, 56 Tex. 457.) In *Galveston etc. R. R. Co.* v. *Drew*, 59 Tex. 11, 46 Am. Rep. 261, Stayton, J., said: "The general rule is that one who enters into an employment which is attended with risk of injury of which such employe has notice, or by reasonable care may have notice, cannot recover compensation from the master, if by exposure to such risk he is injured, and this rule applies to cases where injury is received from the use of defective implements or machinery of which the servant had notice." To the same effect are the following authorities: Whart. Neg., Sec. 215; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 557; *Chicago etc. R. R. Co.* v. *Still*, 19 Ill. 509; 71 Am. Dec. 236; *City of Lancaster* v. *Kissinger*, 12 Reporter, 636; 12 Week. N. C. When an employe knows, or by exercise of ordinary diligence might know, of any defect or imperfection in the machinery about which he is employed, and continues therein without protest, he assumes the risks from such dangers and cannot recover for an injury received. (*Money* v. *Lower Vein Coal Co.*, 55 Iowa 671; *McGlynn* v. *Brodie*, 31 Cal. 381.) In *Williams* v. *Clough*, 3 Hurl. & N. 258, it is said: "The master cannot be held liable for an accident to his servants while using machinery in his employment, simply because the master knows that such machinery is unsafe, if the servant has the same means of knowledge as the master." It was held in *Assop* v. *Yates*, 2 Hurl. & N. 770, "that the plaintiff could not recover for injuries, because, after he had complained of the danger, and knowing all the circumstances, he voluntarily continued to work." The case of *Griffiths* v. *Gidlow*, 3 Hurl. & N. 655, is similar in many respects to the case under consideration. In that case it appeared from the evidence that the hook by which the barrel was attached, which drew it up was not safe; that it ought to have been a spring hook, which, it was alleged, would have prevented the accident which caused the injury. "The answer

to this," says the judge; "seems to us to be that the plaintiff himself possibly attached it to the barrel, which afterwards fell upon him, and seems never to have made any observations or complaint in respect to it. We think that a servant so acting cannot maintain an action against an employer. He himself was contributory to the injury; and, as it was stated by Lord Cranworth, in the case in the House of Lords—*Paterson* v. *Wallace*, 1 Macq. 748—it is essential for the plaintiff to establish that the injury arose from no rashness of his own." In *Priestley* v. *Fowler*, 3 Mees. & W. 1, which was an action by a servant against his master for injuries received in consequence of the breaking down of an overloaded van, it was held that he could not recover, because the fact that the van was overloaded was as well known, or should have been, to the servant as to the master. In *Laning* v. *New York Cent. R. R. Co.*, 49 N. Y. 534, it is said: "When the employee has full and equal knowledge with the employer that the machinery or implements used or employed are defective, and he remains in the service, this may constitute contributory negligence, if it does not appear that the employer has promised to amend the defect." In *Winship* v. *Enfield*, 42 N. H. 213, the court said: "It must not only appear that the plaintiff had no knowledge of the existence of these vices or defects, but it must also appear that she was not in fault for not knowing them." To the same effect are the cases of *Clark* v. *Barrington*, 41 N. H. 44; *Tucker* v. *Henniker*, Id. 317. In *Lopez* v. *Central Ariz. M. Co.*, 1 Ariz. 481, it is said: "In order to recover, the plaintiff in an action of this kind must show that the act complained of was caused by the wrongful act, neglect, or default of defendant. It must also appear by implication or otherwise that the injured party did not in any degree contribute to the injury by his fault." In the case of *Bunt* v. *Sierra etc. Mining Co.*, 11 Saw. 178, Sawyer, J., said: "An employee in a mining tunnel, who, knowing that the roof of the tunnel is in an unsafe condition at a certain point, while employed in making it safe, sits down under the dangerous point during a suspension of the work, and is killed by the falling of the roof, is guilty of contributory negligence, and the owners of the mine will not be liable." In *Mansfield Coal etc. Co.* v. *McEnery*, 91 Pa. St. 195; 36 Am. Rep. 662: "It remains but to apply these well-settled principles of law. It was not a controverted fact that John McEnery, the deceased, had been using this bridge constantly

for some months prior to his death; that he drove a mule team of loaded coal-cars over it daily, if not several times each day. The plaintiffs proved that the bridge was in an exceedingly dangerous condition; that it swayed from side to side as the team passed over it, so that the horses could scarcely keep their feet. The unsafe condition of the bridge, therefore, was patent. It must have been known to the deceased; it could not have been otherwise. Yet, with such knowledge, he voluntarily continued in the service, and gave no notice to his employers of its dangerous condition; nor did he make any protest against being subjected to such perils. * * * John McEnery, the deceased, was guilty of gross negligence in exposing himself upon such a structure, and took upon himself the risk of injury from such cause."

In an action for damages, where the injuries of which the plaintiff complains have resulted from the negligence of both parties, without intentional wrong on the part of defendant, the plaintiff cannot recover. "When it appears from the evidence that the plaintiff has been guilty of great imprudence, which was at least one of the proximate causes of the evil, he cannot recover." (*Harper* v. *Erie Ry. Co.*, 32 N. J. Law, 88). In *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 421: "About the general rule that a plaintiff cannot recover for the negligence of the defendant, if his own want of care or negligence has in any decree contributed to the result complained of, there can be no dispute." To the same effect are the cases of *Gay* v. *Winter*, 34 Cal. 163; *Needham* v. *San Francisco etc. R. R. Co.*, 37 Cal. 419. In *Moore* v. *Central R. R. Co.*, 24 N. J. Law, 268: "It must be considered now the settled law that in cases of this kind, if by the exercise of ordinary skill and care the plaintiff could have avoided the injury, or if his conduct contributed to produce the injury, he is not entitled to recover, even though the defendants were also guilty of negligence." (*Birge* v. *Gardner*, 19 Conn. 511; 50 Am. Dec. 261; *Trow* v. *Vermont Rent. R. R. Co.*; 24 Vt. 493; 58 Am. Dec. 191; *Lucas* v. *New Bedford etc. R. R. Co.*, 6 Gray, 72; 66 Am. Dec. 406; *Pennsylvania R. R. Co.* v. *Aspell*, 23 Pa. St. 147; 62 Am. Dec. 323; *Gonzales* v. *New York etc. R. R. Co.*, 38 N. Y. 440; 98 Am. Dec. 58.) In *Gothard* v. *Alabama etc. R. R. Co.*, 67 Ala. 118, Somerville, J., said: "In every action for damages, where the defense of contributory negligence arises, the question always to be determined is whether the negligence of the plaintiff contributed proximately to the injury of which he complains. It is not essential that he should

have been the cause of the injury. It is sufficient to defeat a recovery if the plaintiff could have avoided the injury by the exercise of reasonable or ordinary care and prudence, unless, perhaps, in those cases where the misconduct of the defendant which produces the injury is wanton, reckless or intentional." (Shear. & R. Neg., Sec. 34; *Thompson* v. *Flint etc. Ry. Co.*, 57 Mich. 308; *Kroy* v. *Chicago etc. R. R. Co.*, 32 Iowa, 361; *Deville* v. *Southern Pac. R. R. Co.*, 50 Cal. 385.)

Under the most careful management mining is attended with great danger, and persons engaging therein must be presumed knowingly to incur the risks incident thereto. If the place where he is put to work is in an unsafe condition, or the implements which he is to use are not sufficient to perform the duty for which they are intended, and he chooses to remain, he assumes the risks, and cannot recover for an injury received. He might leave if he chose, but choosing to remain, he cannot remain at the risk of the employer. Every employer has a right to judge for himself how he will carry on his business, and workmen having knowledge of the circumstances must judge for themselves whether they will enter his service, or, having entered, whether they will remain. The employe has the same means of knowing, as the employer, the usual perils of the business; he is as well able to guard against them as his employer; and it is equally just and reasonable to both, and strongly calculated to secure fidelity and prudence on the part of the employe, that he should rely solely on the skill and prudence of himself in the business for protection from injury. The plaintiff, as appears from his own testimony, was an experienced miner. He had been working on the windlass and filling buckets in the incline for some time prior to the accident. He had the handling of the rope, changing it from one bucket to the other. He was familiar with everything connected with the incline. He knew as well as his co-employes that it was dangerous to follow the bucket up the incline. The foreman had forbidden the running of the buckets while the men were going up the incline from work, and at the time of the accident three miners had stopped the hoisting of the bucket, until they went up. The foreman had also notified one of the windlass men not to follow the bucket up, and requested him to notify all the men on his shift to the same effect. The plaintiff said the rope was an inch rope.

Points decided.

He had always seen an inch and a quarter rope used for such work. It looked old; had been worn on the skids or cross beams. The plaintiff never made any complaint as to the condition of the rope, or the danger in following the bucket up the incline. It will not do for him to say: " I was employed there to work, and not to examine ropes." It was as much his duty to examine and keep himself informed as to the condition of the rope as it was to fill the buckets. (*Wells* v. *Coe,* 9 Colo. 166.) As a general proposition the employer is under no higher duty to provide for the safety of the employe than the employe is to provide for his own safety. (2 Thomp. Neg. 1008; Whart. Neg. Sec. 217.) This principle should never be disregarded, and this is especially so in employments where the machinery is not complicated, or the tools and implements used are continually in the hands of the employe, and no great skill or care is required to discover defects. (*Cahill* v. *Hilton,* 106 N. Y. 518; *Marsh* v. *Chickering,* 101 N. Y. 399.) The plaintiff voluntarily assumed the risk, in going at the call of his coemployes into a place known to all of them to be dangerous. The consequence of his act, under such circumstances, cannot be charged against the defendants, however distressing the calamity which befell him, permanently disabling him from pursuing many of the occupations of life. The court did not err in granting the nonsuit. The judgment is affirmed.