## NICHOLAS ANDERSON *vs.* GEORGE CLARK.

Suffolk. November 11, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Tort — Master and Servant — Defective Appliances — Knowledge of Defect — Risks of Employment.*

A servant cannot be said to take the risk of working with defective appliances unless he knows not only the condition of things, but also that danger exists in such condition; if, however, the danger is obvious, knowledge of the condition of things only need be shown.

A seaman on a fishing schooner was injured by being struck by a rope, which parted while an attempt was being made to ease the strain on a cable which, on account of the defective condition of the windlass, had become fast. He was of full age, and had been to sea for many years on vessels of the same kind, equipped with similar appliances, and had observed the condition of the windlass before entering upon the voyage. *Held*, in an action against the owner to recover for the injuries, that the danger was obvious to a person of the plaintiff's experience; and that an instruction that, if he knew all about the construction of the windlass, he took the risks of the employment, was correct.

TORT, for personal injuries received by the plaintiff, a seaman, on a fishing schooner owned by the defendant. At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which, so far as material, appear in the opinion.

*J. M. Browne & A. H. Russell*, for the plaintiff.

*C. W. Bartlett & E. R. Anderson*, for the defendant.

LATHROP, J. There was evidence tending to show that the plaintiff, a seaman on a fishing schooner owned by the defend-

ant, was injured under the following circumstances. While the vessel was at anchor in a heavy sea, it became necessary to pay out the cable, and while this was being done the cable slipped between the end of the windlass and the windlass bits, and became fast. To ease the strain on the cable, the master took a rope called the foreboom guy, which had an iron hook on one end, made a hitch with one end of the rope around the cable about twelve feet from the windlass, and passed the other end under and around the windlass head. Thereupon the iron hook straightened out, struck the plaintiff in his face, and severely injured him. The cable was eight and a half inches in circumference, and the rope was about three inches in circumference.

The second count of the declaration alleges that the defendant negligently failed to provide proper ropes and a suitable windlass and gearing and machinery on the vessel, to be used for the purpose of managing and securing the anchor and cable attached thereto; that by reason of the defective windlass and machinery the cable slipped from the windlass and became fast; and that the plaintiff was injured by being struck in the face by the hook attached to the foreboom guy, while he assisted in releasing the cable.

On the evidence the jury were instructed that this count raised the question of the owner's negligence in failing to provide proper ropes and a suitable windlass and gearing and machinery, for the purpose of managing and securing the anchor and the cable attached thereto; that it was not a question of due care on the part of the plaintiff, but was a question of contract; that if he entered that employment he took the risks of the business; that if he knew that the windlass was so constructed "that the cable would go down there, knew all about it, and knew all about the ropes that were provided, then he took the risks of the business in that way"; and that he could not claim of the defendant damages for reason of those defects in the appliances which he knew all about. The jury were also instructed that it was for them to determine what knowledge the plaintiff had.

The plaintiff took a general exception to this part of the charge, but did not ask any further instructions or point out any omission in the instruction given.

The plaintiff now contends that, under the instructions given, the jury were justified in finding that mere knowledge of a defect, but not of a danger, would be sufficient to bar the action, and that this was error.

The general rule undoubtedly is that a person cannot be said to take a risk unless he knows not only the condition of things, but also that danger exists in such condition. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 585, 596. *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282. *O'Connor* v. *Adams*, 120 Mass. 427. *Ryan* v. *Tarbox*, 135 Mass. 207. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1. *Mellor* v. *Merchants' Manuf. Co.* 150 Mass. 362.

If, however, the danger is obvious, knowledge of the condition of things need only be shown. *Sullivan* v. *India Manuf. Co.* 113 Mass. 396. *Pingree* v. *Leyland*, 135 Mass. 398. *Moulton* v. *Gage*, 138 Mass. 390. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150. *Linch* v. *Sagamore Manuf. Co.* 143 Mass. 206. *Ciriack* v. *Merchants' Woolen Co.* 146 Mass. 182. *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261. *Foley* v. *Pettee Machine Works*, 149 Mass. 294. *Boyle* v. *New York & New England Railroad*, 151 Mass. 102.

In *Williams* v. *Churchill*, 137 Mass. 243, the plaintiff was injured by getting entangled in the loose end of a line which he was making fast to a cleat toward the bow of a tug-boat on which he was working. He was over nineteen years of age, had lived on the seashore all his life, and had been on the boat four months. It was contended that the behavior of the loose end of a taut rope was a hidden danger which he did not appreciate. This court sustained a verdict ordered in the court below for the defendant, on the ground that the elements of the task and risk were as visible to the plaintiff as to any one; and that the master had a right to assume that the plaintiff knew how to handle a line, and to order him to do so, without special warning and instruction.

In *Hatt* v. *Nay*, 144 Mass. 186, the plaintiff was injured while in the defendant's employ through the negligence of the defendant's foreman. He sought to take the case out of the general rule that a servant cannot recover against his master for an injury caused

by a fellow servant, by showing that the foreman's reputation for competency was bad. The court below ruled that, if the plaintiff knew that the foreman was a careless and improper man, unskilful, habitually careless and negligent, and failed to notify the defendant of these facts, but continued in the service, he could not recover for an injury resulting from such carelessness, as he understood fully the hazards of the business, and assumed this extra risk and hazard. This ruling was held to be correct; and Mr. Justice Devens, in delivering the opinion of the court, said, "It is a familiar principle, that, if a servant capable of contracting for himself, and with full notice of the risk he may run, undertakes a hazardous employment, or to put himself in a hazardous position, or to work with defective tools or appliances, no liability is incurred by the master for injuries received from these hazards."

In the case at bar, if any danger existed in the condition of the windlass or of the appliances, it was an obvious danger to a person of the plaintiff's experience. The exceptions state that he was of full age, had been to sea on vessels of the same kind for many years, and was familiar with this kind of a windlass; and that he observed this windlass and its condition before entering upon the voyage. If there was any failure of duty on the part of the owner, this was fully known to the plaintiff at the time he made his contract; and it must be assumed that he knew what hazards he was encountering.

*Exceptions overruled.*