# Gainer *v.* Southern Railway Company.

## *Action for Damages for Injury to Employe.*

(Decided July 2, 1907. 44 South 652.)

1. *Appeal; Theory of Case.*—Where a case was tried in the lower court without a plea of assumption of risk, but evidence was introduced without objection supporting such defense plaintiff cannot on appeal object that such defense is not available because not specially pleaded.

2. *Master and Servant; Injury to Servant; Assumed Risk.*—Plaintiff assumed the risk of working with a defective belt, where it appeared from the evidence that plaintiff was an experienced plainer operating a planing machine in defendant's mill which was run by a belt that was old, defective and worn to plaintiff's knowledge, and of which plaintiff had complained but had received no promise that the defect would be remedied, and he continued to work with this knowledge and was injured by a parting of the belt; and hence, he cannot recover.

3. *Same; Action; Pleading; Variance.*—Where it appeared that the lumber furnished was not suitable to be planed in the machine because it was too heavy and that the machine was never intended to dress lumber of that size, such evidence would not support a count charging negligence of defendant's foreman in ordering plaintiff to feed into a planing machine a piece of lumber which the machine, by reason of its defective belt, was unsuited to plane.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by T. W. Gainer against the Southern Ry. Co. for damages done to him while engaged in the duties of the master. There was judgment for defendant, and plaintiff appeals. Affirmed.

GEORGE HUDDLESTON, for appellant.—Extraordinary risks are not assumed by the servant unless they are

[Gainer v. Southern Railway Company.]

comprehended by him.—*Postal Tel. Co. v. Hulsey,* 132 Ala. 444; *Osborn v. Ala. S. & W. Co.,* 132 Ala. 571; Lebatt's Master & Servant, § 270, et seq. The servant may remain in the service of the master a reasonable time after giving master notice of the defect without assuming risk.—*Eureka. Co. v. Bass,* 81 Ala. 200; *Bir. R. & E. Co. v. Allen,* 99 Ala. 359, and authorities cited; *Bridges v. Tenn. Co.,* 109 Ala. 287; *L. & N. R. R. Co. v. Stutz,* 105 Ala. 368; *Boyd v. Indian Mills,* 131 Ala. 356.

JAMES WEATHERLY, for appellee.—As between the employer and the particular employe who has assumed the risk there is no negligence imputable to the employer. —*Boyd v. Indian Head Mills,* 131 Ala. 256. Plaintiff must abide by the case made by the evidence regardless of the state of the pleading.—*R. & D. R. Co. v. Farmer,* 97 Ala. 141; *L. & N. R. R. Co. v. Mothershed,* 97 Ala. 261; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240. The evidence does not support the count based on the negligent order of the superintendent.—*Coosa Mfg. Co. v. Wliliams,* 133 Ala. 606. Under the evidence in this case defendant assumed the risk and cannot recover.—*Bir. Ry. & E. Co. v. Allen,* 99 Ala. 359; *L. & N. R. R. Co. v. Stutz,* 105 Ala. 368; *Sloss-Sheffield S. & I. Co. v. Knowles,* 129 Ala. 410; Lebatt's Master & Servant, §§ 282-284.

DENSON, J.—This is an action by an employe against his employer to recover damages on account of a personal injury suffered while engaged in the discharge of his duties as employe. The complaint contains three counts, based, respectively, on the first, second, and third subdivisions of the employer's liability statute (Code 1896, § 1749). The cause was tried on the general issue and three special pleas of contributory

negligence, pleaded to all the counts. At the conclusion of the evidence the general affirmative charge with hypothesis was given at the request of the defendant.

After a careful examination and consideration of the evidence, we have been unable to find that any one of the pleas of contributory negligence finds any support therein. Indeed, appellee's counsel has not argued or briefed the cause here on the theory that contributory negligence, as pleaded was proved; but his insistence, in justification of the court's ruling in giving the charge is, first, that the evidence failed to make out a cause of action on any .one of the counts; and, second, that the evidence without conflict shows that the plaintiff assumed the risk which caused his injury. There is no plea of assumption of risk, and on this account counsel for appellant insists that the defendant should be cut off from availing itself of that defense, even though it was established by the evidence; citing and relying on the case of *Foley v. Pioneer, etc., Co.,* 144 Ala. 178, 40 South. 273, as supporting the insistence. In · the case cited, the court, through Dowdell, J., said that: "Assumed risk, when set up as a defense, is subject-matter for a special plea. There is a well-defined distinction between assumption of risk and contributory negligence. Still both of these defenses are in confession and avoidance of the plaintiff's action, and cannot be availed of under the general issue, but must be specially pleaded." While no authority is cited in that case in support of the ruling that assumption of risk must be specially pleaded, it is supported by respectable authority, as may be seen by reference to 13 Ency. Pl. & Pr. p. 914. Notwithstanding the ruling in the *Foley Case,* we apprehend that if, without a plea of assumption of risks, the record shows (as it does in this case) that both parties, without objection, have tried the case to its conclusion as if

[Gainer v. Southern Railway Company.]

issue had been joined upon such a plea, it should not be allowed to either party to insist in this court for the first time that, in reviewing the rulings of the trial court, this court should do so without regard to that issue. The plaintiff in the court below should have protected himself against the injection into the case of the defense not pleaded by objecting to the evidence offered in support of it. In each of the cases of *R. & D. R. R. Co. v. Farmer*, 97 Ala. 141, 12 South. 86, *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261, 12 South. 714, and *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240, 12 South. 88, although the plea of contributory negligence was not interposed, yet, the record showing that the parties without objection had tried the cause to its conclusion as if on issue joined on the plea of contributory negligence, this court held that in reviewing the rulings of the trial court the appellate court should do so as if such defense was specially pleaded. There is no reason that we can see for the application of a different principle is reviewing the case at bar, and we shall consider the case as if the defense of assumption of risk was specially pleaded.—1 Bailey's Per. Inj. § 948.

The plaintiff was the only witness examined on the trial of the cause, and the bill of exceptions purports to set out the whole of the evidence. It appears that the plaintiff at the time of his injury was engaged as an employe of the defendant in operating a planing machine in the defendant's planing mill in the city of Birmingham. That he was an experienced man in that business is shown without dispute, it appearing that he had been engaged in that particular business for 15 years prior to his injury, and that he had been running the machine in question for a period of two years. The motive power for the planer was furnished by an overhead line shaft, from which was a "driving belt to the

planer." While plaintiff was engaged in attempting to run lumber through the planer, for the purpose of dressing it, the "knives that were dressing or cutting the lumber choked down." Plaintiff testified that, "in order to loose up right quick, as a rule, he just crossed the feed belt and jerked the lever right quick to get it in motion, and while he was stooping over to cross the belt on that occasion, with his right hand on the feed lever, and crossing the belt with his left hand, the belt broke, struck his arm, and broke it and one of his fingers." The evidence is without conflict that the plaintiff put the belt on the machine about two or three months before the accident, and that he knew such belts do not last "a great while"; and the witness said, in this connection, that the belt that broke "was an old one, had been running some time, and it was worn right smart. I knew it was not a good belt at the time it broke. I recollect one time, a short time before, a place broke on the under side, and was slapping around, and I took my knife and cut it off. It was a double-ply leather belt, and the piece that flapped about the bottom was the inside ply, running next to the pulley, and was five or six inches long—tore loose, and slapping around the pulley." Thus it is shown that the belt was defective, and by the same evidence that the plaintiff knew of the defect. It is also shown without conflict that plaintiff knew that the planer was not suited for the dressing of lumber as large as that he was attempting to dress at the time his injury occurred; and if running the planer with such a belt, and attempting to plane lumber which was too large for the machine, was dangerous, which we cannot doubt was true, the plaintiff, a man fortified by the long experience which the evidence shows he possessed, must have known and fully appreciated the perils ordinarily incident to running a planer under

[Gainer v. Southern Railway Company.]

such conditions. Indeed, it would be unreasonable to say that to such a man the danger was other than an obvious one; and it is now settled law in this state that if a servant continues in the service of his employer after he has knowledge of any unsuitable appliances in connection with which he is required to labor, and it appears that he comprehends the nature and extent of the danger to which he is thereby exposed, he will be deemed to have waived the performance of the employer's obligation to furnish suitable appliances and to have voluntarily assumed all risks incident to the service under such circumstances. Such an assumption of the risks of an employment by a servant will bar recovery, independent of the principle of contributory negligence.—*Boyd v. Indian Head Mills of Alabama,* 131 Ala. 356, 31 South. 80; *Sloss Iron & Steel Co. v. Knowles,* 129 Ala. 410, 30 South. 584; *Coosa Mfg. Co. v. Williams,* 133 Ala. 606, 32 South. 232; *Birmingham R. & E. Co. v. Allen,* 99 Ala. 359, 13 South. 8, 26 L. R. A. 457; *L. & N. R. R. Co. v. Banks,* 104 Ala. 508, 16 South. 547; *Batnode v. Harter,* 20 Nev. 303, 21 Pac. 679; *Anderson v. Clark,* 155 Mass. 368, 29 N. E. 589.

But it is insisted by appellant's counsel that, notwithstanding the evidence shows that the plaintiff knew of the defect in the belt and appreciated the danger and risk, yet the evidence further shows that the plaintiff had notified defendant's foreman of the defect in the belt a short time before the accident occurred, and that, having given such notice, plaintiff could remain in the service of the defendant and continue to operate the planer with the defective belt without assuming the risk consequent therefrom. The true doctrine in this respect is declared by this court in *Birmingham Railway & Electric Co. v. Allen, supra,* in this language: "The doctrine of 'volenti non fit injuria' applies under the em-

ployer's liability act, and where an employe, knowing and appreciating the danger and risk, elects voluntarily to encounter them, and is injured, he cannot maintain an action to recover damages for the injury sustained. But if the employer undertakes, expressly or impliedly, to remedy the defect and remove the danger within a reasonable time, such an undertaking or assurance is an assumption by the employer of the risk incident to the duties of the employment during such reasonable time, and if the employe is injured in the meantime, by reason of the risk and danger thus assumed by the employer, the latter will be responsible for the injury. If the employe remains in the service, and continues to encounter voluntarily and with a knowledge and appreciation of the risk, without such assurance, or after the time within which the defect should have been remedied and the danger removed, according to such undertaking or assurance, the risk becomes his own." An examination of all our cases will show that, in order to place the risk, after notice, on the employer, there must be shown a promise, either express or implied, to remedy the defect.—*Eureka Co. v. Bass*, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152; *L. & N. R. R. Co. v. Stutts*, 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; *Bridges' Adm'r. v. T. C. I. & R. Co.*, 109 Ala. 287, 19 South. 495; *Patnode v. Harter*, 20 Nev. 303, 21 Pac. 679. The evidence here, if sufficient to show that the plaintiff gave notice of the defect, falls short of showing that there was a promise or assurance of any kind to remedy the defect. Therefore the insistence of the plaintiff (appellant) cannot prevail.

The foregoing discussion has been confined to the case as presented by the first count of the complaint. In the second and third counts the negligence relied on is that alleged to have characterized the action of the foreman (Perdue) in "negligently ordering plaintiff to feed into

[Haardt v. Central of Georgia Railway Co.]

a planing machine, to be planed therein and thereby, a piece of lumber which the said machine, by reason of a worn or defective belt thereon, was unsuited to plane." The plaintiff testified: "This lumber (referring to the lumber he was attempting to plane) was not suitable to be planed in that machine. It was too heavy for that machine, and that machine was never intended to dress such lumber; had not been made to dress anything only light stuff. It dressed about 6 by 12, the largest you could get through it." That there is a fatal variance between the allegations in the second and third counts and the proof offered seems to be too clear to warrant further discussion.

On the foregoing considerations, it is the conclusion of the court that the general affirmative charge as requested was properly given for the defendant; and the judgment appealed from must be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.