### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

### ROBERT LAWLESS *vs.* CONNECTICUT RIVER RAILROAD COMPANY.

Hampden.    Sept. 25. — Oct. 13, 1883.    FIELD & W. ALLEN, JJ., absent.

At the trial of an action against a railroad corporation for personal injuries occasioned to the plaintiff while in its employ as a brakeman, by reason of the draw-bar on a locomotive engine being too low for the work for which it was used, if the facts are in dispute, the defendant is not entitled to a ruling that, upon all the evidence in the case, the plaintiff cannot recover; and that, if the jury find that the only defect in the engine was the height of the draw-bar, the plaintiff cannot recover.

At the trial of an action against a railroad corporation for personal injuries occasioned to the plaintiff while in its employ as a brakeman, by reason of the draw-bar on a locomotive engine being too low for the work for which it was used, the defendant has no ground of exception to a refusal to rule that, "if the jury find that the conductor, or any person in charge of the cars at the time, directed the coupling of an engine to a car the draw-bars of which were of unequal height, whereby the injury was caused, the plaintiff cannot recover, the injury being the result of the carelessness of a fellow servant."

The fact that a brakeman in the employ of a railroad corporation knew, or might have ascertained, that the draw-bars of a locomotive engine and of a car, to which it was to be coupled by him while standing upon a plank in front of the engine, were of unequal height, so that they would be likely to pass each other instead of coupling together, though furnishing strong evidence of carelessness on his part, will not, as matter of law, preclude him from maintaining an action against the corporation for injuries occasioned by reason of the draw-bars so passing each other, that of the engine being too low for the purpose for which it was used.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ as a brakeman, by a locomotive engine alleged to have been improperly constructed. At the trial in the Superior Court, before *Gardner*, J., the jury returned a verdict for the plaintiff in the sum of $4500; and the defendant alleged exceptions. The facts appear in the opinion.

*G. Wells*, for the defendant.

*G. M. Stearns*, for the plaintiff.

COLBURN, J. The rules of law which are applicable to this case are well settled in this Commonwealth.

It was the duty of the defendant to furnish a locomotive engine suitable for the work which it required the plaintiff to perform with it, and to exercise ordinary care in the performance of this duty, and it was responsible to the plaintiff, if he was using due care, for an injury resulting from its negligence or want of ordinary care in this respect. It did not necessarily discharge this duty by entrusting it to suitable servants and agents, but was responsible for the negligence or want of ordinary care of such servants and agents in the performance of the duty required of them. Such servants or agents, in the performance of this duty, were not the fellow servants of the plaintiff, but were charged with the duty required of the defendant. *Ford* v. *Fitchburg Railroad*, 110 Mass. 240. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268. *Hough* v. *Railway*, 100 U. S. 213.

If the engine was suitable for the work for which it was designed to be used and was used, the defendant was not responsible to the plaintiff for an injury resulting from the manner in which it was used by his fellow servants.

It appeared in evidence, that the engine in question was new when it came on the road of the defendant, some three or four months before the accident; that, during all the time it had been on the road, it was used as a "switcher"; that it had on the forward end a draw-bar or bunter, some of the witnesses giving it one name and some the other, the device serving the double purpose of draw-bar and bunter. The only defect claimed in the engine was, that this draw-bar was too low for the purpose for which it was designed and used, so that it was liable to pass under the draw-bar or bunter of the car to which it was to be attached, and did so on the occasion of the accident.

Whether the draw-bar was too low, and, if so, whether that rendered the engine unsuitable for the work for which it was designed and used, were questions for the jury.

The plaintiff, by engaging in the work he was doing, took all the risks ordinarily incident to that work.  He was bound to exercise such care for his own protection as the kind of work in which he was engaged reasonably required.  He had a right to assume that the defendant had furnished a suitable engine, but if he discovered, or by the exercise of ordinary care ought to have discovered, that the engine was defective because the draw-bar was too low, that was an important element in determining the degree and kind of care required of him in its use.  The facts were in dispute.  The testimony of the plaintiff was, in substance, that he had not been upon the engine much; that he did not think he had coupled a car to the front of the engine more than four times; that, when the engine first approached the car, it stopped ten feet from it; that he did not notice the height of the car, and did not know there was any danger that the bunter of the engine would pass under that of the car until he actually attempted to make the coupling and got hurt.

On the other hand, the engineer testified that the plaintiff had worked on the engine most of the time it had been in use; that, as the engine approached the car on the occasion in question, the plaintiff jumped out, and the bunter of the engine passed under that of the car; that he had a conversation with the plaintiff about this, and the necessity of using a crooked link, before the attempt to connect was actually made by the plaintiff.  There was also other testimony bearing upon these points.

Whether the plaintiff was in the exercise of due care, under all the facts and circumstances which might be found to be established by the evidence, was for the jury.  The court was not to pass upon the weight of the evidence, but only to determine whether there was evidence which should be submitted to the jury.  *Forsyth* v. *Hooper*, 11 Allen, 419.

For these reasons, we are of opinion that the defendant was not entitled to the first or second instruction requested.*

---

* The defendant asked the judge to instruct the jury as follows: "1. Upon all the evidence in the case, the plaintiff cannot recover.  2. If the jury find

The fourth instruction requested should not have been given. It does not include the element of knowledge of any difference in height, on the part of the person giving the direction, which would seem to be essential to render him careless. If it had included such knowledge, in giving it the court must practically have held that an employer would not be liable for an injury resulting from the use of an unsuitable machine, which he had negligently furnished for use, unless he personally gave the direction to use it. *Cayzer* v. *Taylor*, 10 Gray, 274.

The third and fifth requests raise substantially the same question, and may be considered together.

---

that the only defect in the engine was the height of the draw-bar, the plaintiff cannot recover. 3. If the plaintiff knew that the draw-bars were of unequal height, and that there was danger of their passing each other, [and knew the probability and extent of the danger thereby,] and rode upon the platform of the engine when about to make the coupling, then he was not in the exercise of due care, and cannot recover. 4. If the jury find that the conductor, or any other person in charge of the cars at the time, directed the coupling of an engine to a car the draw-bars of which were of unequal height, whereby the injury was caused, the plaintiff cannot recover, the injury being the result of the carelessness of a fellow servant. 5. If the jury find that, when the engine first came up to the standing car, the plaintiff ascertained, or might by the use of due care have ascertained, that the draw-bars were of unequal height, so that they would be likely to pass each other, and afterwards stood upon the plank in front of the engine when the engine and car were being brought together, he was not in the exercise of due care, and cannot recover."

The judge refused to give the instructions requested, except the third, which he gave with the modification inserted in brackets; and instructed the jury as follows: "In order to enable the plaintiff to recover, he must prove that he has not been careless or rash. The mere relation of master and servant never can imply an obligation on the part of the master to take more care of the servant than he may reasonably be expected to do of himself. The servant is not bound to risk his safety in the service of his master, and may, if he thinks fit, decline any service in which he reasonably apprehends danger to himself. If he has knowledge of such danger, of the probability and extent of it, he is negligent in disregarding it, and takes the risk. So, in this case, if the plaintiff, before the injury, knew, or by the exercise of due care might have known, that the draw-bars were of unequal height, so that they would be likely to pass each other, and if he was aware of the probability that the engine would run under the car, and if the plaintiff was aware of the probability and extent of the danger to which he was exposed thereby, and if with this knowledge he voluntarily remained upon the forward part of the engine, and took the risk and danger which he knew to be

We are of opinion that the defendant was not entitled to have these instructions given without qualification. We do not think the existence of the facts supposed would show the plaintiff's carelessness so clearly and beyond all controversy that it should be held, as matter of law, that, if these facts were found, he could not recover, though they might furnish strong evidence of his carelessness. *Snow* v. *Housatonic Railroad*, 8 Allen, 441. *Gaynor* v. *Old Colony & Newport Railway*, 100 Mass. 208. *Chaffee* v. *Boston & Lowell Railroad*, 104 Mass. 108.

The fact that a person voluntarily takes some risk is not conclusive evidence, under all circumstances, that he is not using due care. *Thomas* v. *Western Union Telegraph*, 100 Mass. 156. *Mahoney* v. *Metropolitan Railroad*, 104 Mass. 73. The plaintiff was engaged in performing the duty required of him, and it was necessary that the cars should be moved quickly to make

incident to his remaining upon the engine platform, then the plaintiff was not in the exercise of due care, and cannot recover." The judge also, at the defendant's request, gave the following instruction: "The plaintiff cannot recover unless he satisfies the jury that the officers of the corporation knew, or by the exercise of reasonable care on their part might have known, of the defect." The judge also instructed the jury, that, "for the management of its engines by its servants, the defendant corporation is not responsible to its servants, but it is responsible when its own negligence, in not having suitable instruments, whether persons or things, to do its work, causes injury to those in its employ. The defendant corporation was bound to use ordinary care to provide a proper, suitable engine to perform its work. If, acting through appropriate officers, the corporation knowingly or negligently employed an unsuitable, defective engine, it is liable for an injury occasioned to a fellow servant by such unsuitable or defective engine. If the corporation used an unsuitable or defective engine, after its unsuitableness or defective condition was known to its officers, or if such unsuitableness and defective condition were so manifest that its officers, using due care, would have known of them, such continuance in use would be a breach of duty and a ground of liability." To this instruction no exception was taken by the defendant. The judge further instructed the jury, without objection on the part of the defendant, as to the relation of master and servant, their respective duties and obligations; also, that the plaintiff could not recover if his injury was caused by the carelessness or negligence of a fellow servant; that the burden of proof was on the plaintiff to show that this engine was unsuitable and defective in this particular, that its draw-bar was too low; and that the plaintiff's injury happened solely through the defective, unsuitable condition of the engine for the work assigned to it, and in which it was engaged; and that the plaintiff must have been in the exercise of due care.

way for an expected train. If the plaintiff had the knowledge supposed in the requests for instructions, the question of his due care depended to some extent upon the view the jury might take of his necessity for immediate action, the distance the bunters would have to pass each other before the car and engine would come so near together as to injure him, the speed at which the engine was moving, the knowledge he had that the engineer knew the danger, the confidence he was entitled to have that the engineer would so manage the engine as not to injure him, the reliance he was reasonably entitled to place upon his ability to make the connection so as to prevent the bunters passing, and probably other circumstances.

Under all the instructions given, we do not think the jury were likely to be misled.      ·  ,        *Exceptions overruled.*