SAMUEL TAYLOR *vs.* CAREW MANUFACTURING COMPANY.

Hampshire. Sept. 15. — Oct. 22, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by falling into an unguarded elevator well in the basement of the defendant's mill, the plaintiff testified that he had been in the defendant's employ for several years; that he knew of the existence of the elevator well; that, on the morning of the accident, he was ordered by the foreman to go down into the basement to help put on an engine belt, and " to hurry " so that the foreman could start up; that he examined the first four belts by feeling of them (not being able to see whether they were on or off) while passing under them; that he started along the line of the main shaft for the last belt, and, being nearer the elevator well than he thought, he walked into it; that he did not know whether there was or was not any fence to the well; that he was looking for the elevator well to shun it, and was thinking of it; that he knew it was there somewhere, but did not know exactly where; that he was walking quite

fast, because the foreman had told him to hurry; and that he went into the elevator hole so quick that he did not know whether he was stepping long or short. *Held*, that the defendant was entitled to a ruling that there was no sufficient evidence of due care on the part of the plaintiff; and that he took upon himself the risk involved in the position of the well.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. G. Bassett & E. W. Chapin*, for the defendant.

*G. M. Stearns*, (*W. H. Brooks* with him,) for the plaintiff.

DEVENS, J. The plaintiff recovered only on the first count of his declaration, which alleged negligence on the part of the defendant in failing to guard or fence the elevator well in the basement where the plaintiff was set to work, so that he, while using due care, fell therein and was injured. There was no recovery on the second count, because of the ruling of the presiding judge. This count was for a failure to furnish such safeguards as, under certain circumstances, are provided for by the Pub. Sts. *c.* 104, § 14.

Without adverting, at this moment, to the questions raised as to the admissibility of evidence offered by the defendant, the first inquiry is whether there was any evidence on behalf of the plaintiff upon which the jury could legally have found a verdict in his favor. If there was, the question of its weight or value cannot be considered by us. *Heywood* v. *Stiles*, 124 Mass. 275.

The jury would perhaps be warranted in finding that the defendant was negligent in leaving the well or elevator hole, which was situated in a dark basement where its servants were obliged to go for many purposes, open and unguarded by a fence or any other suitable protection. It was the duty of the defendant to find and provide for its servants a reasonably safe place in which to do their work. *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572. *Boyle* v. *Mowry*, 122 Mass. 251. It is for the plaintiff to show, not merely that the place was unsafe, and that he was injured thereby, but that he himself was in the exercise of due care. His evidence fails to show this, if it appears that, knowing and appreciating the danger arising therefrom, he voluntarily

exposes himself thereto. Business is sometimes carried on in buildings or places obviously unsafe, and if, with a knowledge that a business is thus conducted, the workman engages in it, he takes the risks which he must know are incident thereto. *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282. Where one capable of choosing and contracting for himself, with full notice of the risk he assumes, voluntarily uses a machine which, by reason of a known defect, exposes him to a particular and obvious danger, he is held to assume and take the risk of injury from that source. *Pingree* v. *Leyland*, 135 Mass. 398.

The evidence on the question of his due care comes from the plaintiff; it is not aided by the testimony of the other witnesses. From this it appears that he had been in the employ of the defendant for several years; that he was hired by the foreman to make size, and do whatever the foreman desired; that he was at the mill when the elevator was put in; that he used it at times; that he knew of the existence of the elevator well; that, on the morning of the accident, he was ordered by the foreman to go down into the basement to help put on an engine belt, — "to hurry" so that the foreman could start up; that he went down, the morning being very dark; that he examined the first four belts by feeling of them (not being able to see whether they were on or off) while passing under them; that he started along the line of the main shaft for the last belt, and, being nearer the elevator well than he thought, he walked into it; that he did not know whether there was or was not any fence to the well. He further stated, on cross-examination, that he was looking for the elevator well to shun it, and was thinking of it; that he knew it was there somewhere, but did not know exactly where; that he was walking quite fast, because the foreman had told him to hurry; and that he went into the elevator hole so quick that he did not know whether he was stepping long or short.

From this evidence, it appears that he knew of the existence of the well-hole, and of the danger to which it exposed him; that he had no reason to suppose it to be guarded; and he does not anywhere state that he did so suppose. Under these circumstances, he took the risk of a danger which he knew and appreciated. Indeed, his description of the accident shows distinctly

a want of due care in performing that which he undertook.     In the darkness which prevailed in the basement room, to walk quickly, when his eyes afforded practically no assistance, without by either hands or feet attempting to find the hole which he knew was there somewhere, although he " could not tell exactly where," was a failure on his own part to take proper precautions.

The plaintiff suggests, " that, although he might often have gone down the elevator, yet he had always got out on the front side, while at the time of the accident he fell in on the back side, where he had never been before; also, that he had never before approached the hole by the line of the shafting."     But, as he was fully aware of the existence of the well-hole, he in-curred the risk of approaching it in the way which he actually attempted; and, if that way was for him unusual, greater care and caution were required on his part.

The case of *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1, upon which the plaintiff relies, is distinguishable.     In that case, the plaintiff, who was a brakeman in the service of the defendant company, claimed to have been injured while engaged in coupling a locomotive engine to a car, by reason that the draw-bar and bunter of the engine (the same device serving for both purposes) was too low for the purposes for which it was designed and used, so that it was liable to pass under the draw-bar or bunter of the car to which it was to be attached; and that it did so on the occasion of the accident, thus causing the injury to the plaintiff.     It was in dispute whether the plaintiff knew, or could have ascertained with due care, that the draw-bars of the engine and the car were of unequal height; and it was held that the instruction requested by the defendant, that, if the plaintiff knew that the draw-bars were of unequal height, and that there was danger of their passing each other, [and knew the probability and extent of the danger thereby,] and rode upon the platform of the engine when about to make the coupling, then he was not in the exercise of due care, and could not recover, was properly modified by the insertion of the words above enclosed in brackets.     That the fact that the plaintiff knew of the defect in the engine, if it were shown, would furnish strong evidence of carelessness on his part, was not questioned, but it was also deemed that he might know of

the defect thus existing without knowing or appreciating the probability and extent of the danger therefrom. In the case at bar, the plaintiff knew of the defect, and he consented to incur the risk which he ran in passing along the floor, in the uncertain light, to examine and aid in putting on the belts. The probability and extent of the danger to be anticipated from walking into a well-hole of the depth of this was obvious to any one, and the plaintiff's statement of his own conduct shows that he appreciated it.

For the reasons above stated, we are of opinion that, upon the evidence, the defendant was entitled to the ruling, that no sufficient evidence was offered by the plaintiff of due care on his own part; and that he took upon himself the risk involved in the position of the well-hole.      *Exceptions sustained.*