NELSON RUSSELL *vs.* WILLIAM E. TILLOTSON & another.

Hampden. Sept. 22. — Oct. 24, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

An employee in a mill was ordered by the foreman to go up a ladder, which was standing against a belt box into which a revolving shaft ran at right angles, and nail a board on the box. The employee, who had worked in mills for a long time, and was acting within the scope of the duties which he had undertaken, was injured by his apron and jacket catching on the shaft while he was nailing on the board. The shaft was plainly visible, and was seen by him; and he could have moved the ladder to the opposite side of the box, where there would have been no danger. *Held*, that he could not maintain an action against his employer for the injury so received.

HOLMES, J. The plaintiff seeks to recover for damage to his person, caused, while employed in the defendant's mill, by his apron and jacket catching on a revolving shaft while he was standing on a ladder and replacing a board upon a belt box into which the shaft ran at right angles. The shaft was plainly visible, and was seen by the plaintiff. If the ladder had been placed on the opposite side of the box, there would have been no danger. The plaintiff could have moved the ladder. But, according to his testimony, it was standing where he mounted it at the time when he was ordered by the " boss " to go up and nail the board on, and the plaintiff, although he had worked in mills for a long time, and was acting within the scope of the duties which he had undertaken, did not know any better way to do the work than that which he took. The court below directed a verdict for the defendant. The plaintiff excepts; and contends that he was sent into a concealed danger without due warning or instruction.

The exception must be overruled. The plaintiff does not pretend that he was ignorant of the danger of a revolving shaft, nor that the order to him carried any prohibition to put the ladder in such position as he might deem best, nor that there was anything in the form of it to hurry him or disturb his judgment; but simply that he had not sufficient intelligence — for that is what it comes to — to see that he was less likely to come in contact with the shaft if he had the barrier of the belt box between him and the shaft; or, if he took a worse place, to keep

away from the danger which he knew.   As it is not suggested that he was a man of manifest imbecility, we think that the foreman was entitled to assume that the plaintiff would protect himself by whatever precautions were necessary.   *Williams* v. *Churchill*, 137 Mass. 243.   See *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580.                    *Exceptions overruled.*

*G. M. Stearns*, for the plaintiff.

*E. M. Wood*, for the defendant.