DANIEL M. FERREN *vs.* OLD COLONY RAILROAD COMPANY.

Bristol.   October 28, 1886. — January 5, 1887.

In an action for injuries sustained by the plaintiff while in the defendant's employ, there was evidence that the defendant, a railroad corporation, was the owner of a yard, in which was a building used as a blacksmith's shop, opposite the door of which was a track, which from the door to the corner of the building, a distance of about twenty-two feet, gradually approached the building, so that at the corner there was not room for a person to pass between the building and a car on the track; that the plaintiff was employed as a blacksmith, but was accustomed to assist, when called upon, to move cars in the yard; that he had been there for many years, and was familiar with the premises, but had not assisted in moving cars on this track, and had not been between the track and the corner of the building; that, on the day of the injury, in answer to a call from the foreman of the shop, he went to assist in moving a car on this track; that, when he took hold of the car, he saw the building and the space between the track and the building; and that, while moving the car, he was injured by being crushed between the car and the corner of the building. *Held,* that it could not be ruled, as matter of law, that the evidence would not warrant the jury in finding negligence on the part of the defendant, and the exercise of due care by the plaintiff.

TORT for injuries sustained by the plaintiff while in the employ of the defendant, by being crushed between a coal car and the wall of a brick building in close proximity to the track on which the car was moving.

At the trial in the Superior Court, before *Hammond*, J., the plaintiff testified that, at the time of the accident, he had been in the employ of the defendant about seven years as a blacksmith; that there was no agreement made that he should do any work in the yard outside of the shop in which he worked; that on January 20, 1883, while he was at work as a blacksmith, the foreman of the shop called out, "All hands out to move a car;" that he went out with the others in the shop; that the car was in front of the door, the forward end being about three feet past the left-hand side of the door; that, the weather being chilly, he went back to get his coat, and returned as soon as he could; that, as he went out of the door, he should think the car had just begun to move, it was just moving; that he took hold of the side of the car, there being a man in front of him and one behind him, faced obliquely forward towards the car, and began pushing; that they got the car under good headway, when he saw

the man in front of him drop down under the car; that he looked and saw the danger he was in; that he then started to go back, when he was caught by a stake-iron, which projected from the side of the car, and was rolled between the car and the building; and that he had never before been called upon to move a car in that place, and had never before passed between the track and the corner of the building.

On cross-examination, the witness testified that he had never refused to respond to calls to move cars, although he "entered protests;" that he was familiar with the premises, and had crossed the track whenever he had occasion to, and knew that cars were moved along there; and that he looked ahead when he started to push the car, and saw the wall of the building, the side of the car, and the space between the two through which he expected to go, and into the open space beyond.

Other witnesses testified in corroboration of the plaintiff's testimony; and it appeared that the man behind the plaintiff got caught by the coat, but got loose; that the distance between the door of the shop and the corner of the building was between twenty-two and twenty-three feet, and the distance between the building and the track at the door of the shop was forty and a quarter inches, and at the corner of the building thirty and three quarters inches. There was also evidence that the distance from the corner of the building to the stake-iron on the car, when opposite the corner, was seven and a half inches.

It was not contended by the plaintiff that the tracks or buildings were in any way unsafe or dangerous except in their relation to each other and to other permanent objects of the yard, nor that the car was unsafe or dangerous except in its relation to the building, yard, and the track upon which it was moving.

The judge ruled that the plaintiff could not recover, and directed a verdict for the defendant; and reported the case for the determination of this court.

*Charles A. Reed*, (*J. H. Dean* with him,) for the plaintiff.

*J. M. Morton*, (*J. H. Benton, Jr.* with him,) for the defendant.

C. ALLEN, J.   The evidence would warrant a jury in finding that the defendant did not provide for its servants a reasonably

safe place in which to do its work, and that there was danger in moving a car by man-power in the place where this car was, by reason of its proximity to the building, and of the gradually lessening distance between the track and the building.

But the more difficult question is, whether under the circumstances disclosed, and assuming all facts as favorably to the plaintiff as the evidence warrants, we can say, as matter of law, that the plaintiff, by voluntarily entering upon the work, should be held to take the risks. There is no doubt of the general rule, that one who, knowing and appreciating the danger, enters upon a perilous work, even though he does so unwillingly and by order of his superior officer, must bear the risk; but where he is not aware of the danger, and such ignorance is consistent with due precaution, it is otherwise. In the present case, it appears that the plaintiff had a general knowledge of the position of the track and of the building with reference to each other, and that he also knew that cars were sometimes moved along there. But there was evidence tending to show that it was not a part of the business for which he was employed to assist in moving cars in the yard, though he was liable to be called on, when necessity required, to render such assistance; and he testified that when so called on he never refused, though he entered protests. He also testified that he had never before been called on to help in moving a car in the place where the accident occurred, and that he had never before been through that particular space between the car and that corner of the building. Of course he could see that this space was narrow; but it would seem that neither he nor the others who were pushing on the same side of the car with himself understood that it was too narrow to allow them to pass through in safety. This was his mistake. Seeing the situation in a general way, he took hold among the others, and tried to pass through what proved to be too narrow a place for him. He did not rightly estimate the probability or extent of the peril to which he was exposing himself. Though he could see the position of the car and of the building, it might nevertheless be found by a jury that he did not appreciate, and in the exercise of due care was not bound to appreciate, the danger. If, under the circumstances stated, he was called on by his foreman to assist in this

work, which was outside of the work which he was employed to do, and in a place where he had not before done such work, and if the peril was not obvious to him, and he failed to take notice that the space between the car and the building was too narrow for him to pass through with safety, and if his attention was so given to the work which he was doing that he did not discover the danger till it was too late to save himself, we cannot say, as matter of law, that he must be held to have assumed the risk. The case is close; but the evidence is sufficient to be submitted to the jury upon the question whether he was in the exercise of due care.

The material point of distinction between this case and many others is, that here it is open to the jury to find that the plaintiff did not know or appreciate the risk of the work upon which he was engaged, and that in the exercise of due care he was not, as matter of law, bound to know or appreciate the same. *Haley* v. *Case*, 142 Mass. 316. *Russell* v. *Tillotson*, 140 Mass. 201. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150. *Leary* v. *Boston & Albany Railroad*, 139 Mass. 580. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1.

For these reasons, in the opinion of a majority of the court, the entry must be,                          *New trial ordered.*