## THE ELSIE FAY.

### PIHLAG v. THE ELSIE FAY.

*(District Court, S. D. New York. January 6, 1892.)*

PERSONAL INJURIES TO SERVANT—NEGLIGENCE—INSUFFICIENCY OF PROOF.
    The libelant suing for damages for personal injuries to his knee-pan, and the mode in which the accident happened not being satisfactorily explained, and amid numerous contradictions, *held*, that the claim was not established by a fair preponderance of proof, and the libel was dismissed without prejudice.

In Admiralty. Libel by John A. Pihlag against the schooner Elsie Fay to recover for personal injuries.
*Alexander & Ash*, for libelant.
*Wing, Shoudy & Putnam*, for claimants.

BROWN, J. The libelant was a seaman on the schooner Elsie Fay. He testified that on the morning of the 27th of January, 1890, before light, as he was placing the pump handle in the small boat which was lashed on deck athwartships a little aft of the mainmast, the lashing of the boat broke, because of its unfitness and rottenness; and that the libelant, in catching hold of the main boom to save himself from being hurt by the boat, had his knee thrown by the boat up and against the boom, so as to injure permanently the knee-pan, and disable him from further duties as a seaman. The testimony is full of contradictions of a distress-

ing character. My impressions of the libelant personally, from his appearance on the stand, were favorable to his integrity and honest testimony. But the contradictions of the libelant as to various circumstances are so many; the libel has so little support from other witnesses; the manner in which the accident is said to have happened, I find to be so difficult to appreciate; and, the libelant being found in the boat, there is such likelihood that the injury to the knee-pan may have happened from his fall into the boat, if he did fall into it, as he alleges,—that I find it impossible to hold that the libelant has made out his case by a fair preponderance of proof. The break of the boat is proved; but that break is not one likely to have been made in the way the libelant describes, but agrees rather with the defendants' theory. On the other hand, there are circumstances which it would seem that the defendants might have explained, but which they have not explained, especially how the break in the planks of the small boat actually occurred; and, if it occurred through any seas shipped, how any such seas sufficient to break the boat could have escaped notice at the time. Under all the circumstances of the case, I cannot render any satisfactory judgment; and I must therefore dismiss the libel, without costs, and without prejudice to the libelant·