THE ARGONAUT.[1]

DEMING v. THE ARGONAUT.

(District Court, S. D. New York. May 8, 1894.)

1. SHIPPING—PERSONAL INJURIES—UNCOVERED HATCHWAY.
    Leaving hatches open during intervals in unloading, the passage-way and the hatches being reasonably lighted, is not negligence.

[1] Reported by E. G. Benedict, Esq., of the New York bar.

2. SAME—POSITION OF HATCH KNOWN TO LIBELANT.

A stevedore's employe, after quitting work at unloading a ship, in going ashore at night, fell into a hatchway, the position of which was known to him, and which was guarded by coamings 12 to 14 inches high. *Held* that, even if the hatchway was unlighted, his fall was the result of his own carelessness.

This was a libel by Frank Deming against the steamship Argonaut for personal injuries to libelant while employed in unloading the steamship's cargo.

Hyland & Zabriskie, for libelant.

Convers & Kirlin, for defendant.

BROWN, District Judge. The libelant, one of the stevedore's men employed in unloading bananas from the steamship Argonaut to a float alongside of her, at pier 3, North river, on October 23, 1893, fell down the open hatch of the vessel after the men had quit work, and was considerably injured, for which the above libel was filed.

The libelant's testimony, corroborated by a single witness only, is to the effect that after quitting work he left the float by a plank run from the top of the float to the deck of the steamer, for the purpose of going ashore; that it was dark; that the hatches were off, and that no lights were about the hatch, and that he walked into it, having no knowledge of the danger.

I am compelled to find that the libelant's testimony is overborne by many witnesses for the claimant showing that there was an abundance of light immediately about the open hatch; that the lights were left there during supper-time, as work was to be resumed in the evening in order to clear out the dirt and empty boxes. Without referring, therefore, to other points in which the libelant's story is contradicted, I must find that no negligence in the ship is established; since it was not negligence to leave the hatch covers off in the intervals of work, when the passage-way and the hatches were reasonably lighted. The Jersey City, 46 Fed. 134; Dwyer v. Steam-Ship Co., 17 Blatchf. 472, 4 Fed. 493.

The libelant, moreover, had been moving bananas taken out from that very hatchway. He knew its position perfectly. It was guarded by coamings from 12 to 14 inches high; and even if there had been no lights placed at this hatchway at the moment when he went ashore, after quitting work (if in that regard the libelant's story were to be adopted), it could only be by very plain carelessness of the libelant that he should walk into the hatch, and tumble over the coamings. He does not even remember of touching the coamings with his feet at all. Other circumstances in the case diminish reliance upon the libelant's testimony; but without further reference to these, the testimony as to the lights is alone sufficient to prevent the libelant's recovery. Anderson v. The E. B. Ward, Jr., 38 Fed. 44; The Elsie Fay, 48 Fed. 700; Taylor v. Manufacturing Co., 140 Mass. 150, 3 N. E. 21.

Decree for the defendant.