WILLIAM H. WHITE, executor, vs. EBEN M. McPHERSON
& another.

Essex.   January 5, 1903. — June 18, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Will.   Evidence, Experts.   Practice, Civil.*

On the trial of issues relating to the soundness of mind of a testator it is right for
a judge, who has given proper instructions as to what constitutes soundness and
unsoundness of mind, to refuse to instruct the jury, that " weakness of the mind
arising from advanced age in connection with causes suggested in this case is
progressive and permanent in character," and that "it exists in the mind itself
and therefore it is, that weakness of mind at the time of making the will may
be inferred from weakness subsequent as much so as imbecility of mind under
similar circumstances," as these are matters of fact.

The decision of a presiding judge that a witness called as an expert has the neces-
sary qualifications is not to be reversed unless clearly erroneous.

The decision of a presiding judge that a witness is qualified as an expert to testify
to the sanity of a testator will not be held to be erroneous, if the witness had
been in general medical practice for more than twenty-one years, had held a
position in the hospital at Blackwell's Island, had been connected for twelve
years with a hospital in Haverhill and had been for ten years medical examiner
of the county of Essex, and testified that it would be safe to say that in the
course of his practice he had treated a hundred insane persons and that possibly
he might have treated a great many more.

MORTON, J.   This is an appeal from a decree of the Probate
Court of the County of Essex disallowing a certain instrument
offered as the last will and testament of one Thomas Herty.
The usual issues were framed and the case was sent to the
Superior Court for trial.   The jury returned a verdict sustaining
the will, and the case is here on exceptions by the contestants to
the refusal of the presiding judge to give certain rulings and
instructions, and to the admission of certain expert testimony.
We think that the rulings and the refusal to rule were right.

1. The rulings and instructions asked for were as follows:
" Weakness of the mind arising from advanced age in connection
with causes suggested in this case is progressive and permanent
in character.   It exists in the mind itself and therefore it is,
that weakness of mind at the time of making the will may be
inferred from weakness subsequent as much so as imbecility of

mind under similar circumstances." Whether the weakness spoken of was "progressive and permanent" was a question of fact for the jury and not a matter of law for the court. The rest of the instructions requested also related to questions of fact rather than of law. For these reasons the instructions requested were rightly refused. The exceptions recite that, "The court gave instructions to the jury upon all the issues involved in the case to which no exceptions were taken by either party except as above," meaning the instructions requested as above. In view of this statement, it is to be presumed that the judge gave proper instructions as to what constitutes soundness and unsoundness of mind, and that the only ground of complaint which the contestants had was the refusal to give the instructions that were requested.

2. One Dr. Croston was allowed to testify that in his opinion the testator was sane. The testimony was objected to on the ground that the witness was not qualified as an expert, the testimony evidently being admitted on the ground that he was. Whether a witness called as an expert has the necessary qualifications is, in the first instance, a matter for the judge presiding at the trial to pass upon, and his decision will not be reversed unless clearly erroneous. *Toland* v. *Paine Furniture Co.* 179 Mass. 501. *Warren* v. *Spencer Water Co.* 143 Mass. 155. *Perkins* v. *Stickney*, 132 Mass. 217. In the present case the witness had been in general practice more than twenty-one years, and had held a position in the hospital at Blackwell's Island, and had been connected for twelve years with a hospital in Haverhill, and had been medical examiner of the County of Essex for ten years. He testified that in the course of his practice it would be safe to say that he had treated a hundred insane people; that one hundred was a small number; that he might possibly have treated a great many more. We cannot say upon this testimony that the decision of the presiding judge was plainly erroneous.

*Exceptions overruled.*

*C. W. Bartlett & F. D. Allen*, for the appellees.
*H. J. Cole & W. S. Peters*, for the appellant.