WILLIAM J. HINES vs. WALTHAM MANUFACTURING COMPANY.

Middlesex.    January 13, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability, In machine shop.

At the trial of an action at common law against the proprietor of a machine shop by one who, while employed therein, lost the sight of an eye because of the flying off of a chip from the edge of a boring tool or reamer of a lathe upon which he had been set at work, there was evidence that the chip flew off because the tool, having been adjusted for the work that was being done by it on a cylinder, suddenly "dug in" to the cylinder owing to an irregular motion of the tool which was due to the worn condition of a nut on an automatic cross feed screw which controlled the movements of the tool, and that the condition of the tool was known to the foreman of the room where the plaintiff was working, who was the defendant's representative. *Held*, that there was evidence of negligence of the defendant in furnishing a defective lathe for the plaintiff's use.

If one, who is employed in a machine shop, having noticed a defective condition of a lathe at which he is set at work, calls it to the attention of the foreman of the shop, who directs him to perform other work, saying to him in response to his offer to make the necessary repairs, "I will have another man fix this immediately for you"; and if, a week later, the foreman directs the employee to resume his work upon the lathe, and the employee is injured because of a defect in the lathe which he easily could have discovered although it was not visually apparent, the employee cannot be said as a matter of law to have assumed the risk of such an injury, and, in an action against his employer for injuries so received, the questions, whether he assumed the risk of the injury, or failed to exercise due care, are for the jury.

TORT for personal injuries received as stated in the opinion while the plaintiff was in the employ of the defendant at its machine works. Writ dated January 16, 1908.

The declaration contained three counts, the first count alleging negligence of a superintendent of the defendant under R. L. c. 106, § 71, cl. 2, the second alleging a defect in the ways, works or machinery of the defendant under cl. 1, and the third alleging a cause of action at common law in that, among other things, the defendant furnished the plaintiff with unsafe and unsuitable tools, appliances and apparatus to work with.

The case was tried before *Hitchcock*, J. The facts are stated in the opinion. At the close of the evidence, the defendant made four requests for rulings, the first being a request for a

ruling that upon all the evidence the plaintiff could not recover, and the second, third and fourth being a like request as to each count in the declaration.

The judge refused to make any of the rulings asked for. The jury found for the plaintiff in the sum of $7,500 on the third count of the declaration; and the defendant alleged exceptions.

*J. Lowell & J. A. Lowell*, for the defendant.

*R. H. Sherman*, for the plaintiff.

BRALEY, J.   The plaintiff while at work on an ordinary engine lathe reaming the inside of a casting which was to be made into an automobile cylinder, lost the sight of an eye by a flying chip from the edge of the boring tool or reamer.  If not conceded by the defendant, there was abundant evidence that the edge splintered, because the tool, having been adjusted for the thickness of the scarf to be planed off, suddenly " dug in " to the cylinder owing to the nut on the automatic cross feed screw, which controlled the movements of the tool, having become so worn as to produce an irregular instead of a uniform action.  It also appeared that this condition, described by the witnesses as " lost motion," was known to the defendant's foreman of the " lathe room," who must be considered as the defendant's representative.  *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 181.

But if there was proof of its negligence in furnishing a defective lathe, the defendant contends that the plaintiff, who knew that the machine had not been running properly, assumed the risk, or did not use ordinary prudence to ascertain if there was any lost motion before going on with the work.  No doubt, as the mechanical experts all agreed, if the plaintiff, who was a skilful machinist and knew of the method, had shaken the cross feed apparatus, the defect although not visually apparent would have been discovered.  Yet it is obvious from his evidence that this was not the situation in which he was placed at the time of the accident.  Having noticed the irregularity a week before, he then called the attention of the foreman to the lathe, who directed him to perform other work, and in response to the plaintiff's offer to make the necessary repairs replied, " I will have another man fix this immediately for you."  If the jury believed the plaintiff, there was not only a promise to re-

pair, but a change in the plaintiff's employment while the repairs were being made. But the evidence does not end here. The superintendent on the day of the accident ordered him to resume his former work, and to use the lathe. It is settled by our decisions, that under such circumstances the plaintiff was warranted in assuming that the defect had been remedied, and the question whether by his conduct he assumed the risk, or failed to exercise ordinary care, was for the jury. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 467, 468. *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477, 481.

A verdict having been returned only on the count at common law, the first and second requests therefore were rightly refused. Nor can the remaining exception be sustained. If we assume that the answer of the defendant's witness who was called as a mechanical expert would have supported its contention, that the breaking of the boring tool was not attributable to the lost motion, it was for the presiding judge to decide as to his qualifications, and no abuse of this discretionary power having been shown, his adverse decision is not a ground of exception. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 533.

*Exceptions overruled.*