MADELINE F. GUINAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    April 1, 2, 1929. — June 4, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence,* Competency; Opinion: expert. *Practice, Civil,* Conduct of
trial: qualifications of expert witness.

At the trial of an action of tort against a street railway company by a
passenger on one of its cars for personal injuries caused by the ignition
and explosion of scrap motion picture films which, in a burlap bag,
had been placed near a heater on the car, an issue was, whether heat
or flame from the heater ignited the film.    After evidence explaining
the construction of the heater, the plaintiff called a witness who quali-
fied as an expert on the heater.    The judge, however, did not allow
him to testify as an expert because he had "no expert knowledge of
films."    The plaintiff excepted.    *Held,* that, because the witness had
no expert knowledge of the chemical properties, composition and
inflammability of motion picture film, it could not be said that there
was error of law in the exercise by the judge of his discretionary power
to determine as a preliminary question the qualifications of one offered
as an expert.

TORT for personal injuries.    Writ dated May 10, 1927.

This was one of nine cases against this defendant tried
before *Williams,* J., with the action reported *ante,* 501.
The facts are stated in the report of that case.

The jury found for the defendant and the judge reported
for determination by this court the question stated in the
opinion.

*H. F. Hathaway,* (*J. T. Hughes* with him,) for the de-
fendant.

*G. Alpert & F. D. Harrigan,* (*J. P. Feeney* with them,)
for the plaintiff.

CROSBY, J.    This is an action to recover for personal in-
juries received by the plaintiff while a passenger on one of the
defendant's cars, which resulted from the same explosion as is
considered in *Guinan* v. *Famous Players-Lasky Corp., ante,*
501, decided this day.    The cases were tried together and the

jury returned a verdict for the railway company.  The case is before us on a report of the trial judge, and presents a single question relating to evidence.

There was evidence that the plaintiff was a passenger on the car; that one Shirley boarded the car at Pleasant Street in Boston, carrying with him a burlap bag containing scrap moving picture film; that he placed the bag at a distance from the heating apparatus in the car that varied with the testimony of the different witnesses, some testifying that the bag touched the heater, and others that it was from one to two feet from it.   One Galvin, a passenger on the car, testified that as it proceeded from Boylston Street toward Park Street in the subway "a flash of flame came out of the heater in the car and the burlap bag became ignited; that the flash of flame came from the heater to the burlap bag; that then the flames burst out all over the street car . . . ."   An electrical engineer and employee of the defendant testified· as to the construction of the heater, and the mechanical and electrical devices which permitted electrical energy to heat the car through its operation.

One Hewitt, called by the plaintiff, qualified as an expert on the heater in question, "but having no expert knowledge of films," the trial judge refused to permit him to testify. The plaintiff excepted to this ruling.

The rule is well established that whether a person called as an expert has the necessary qualifications to testify is a preliminary question to be decided by the trial judge; and his decision is conclusive, unless it appears on the evidence to have been erroneous as matter of law.  *Perkins* v. *Stickney,* 132 Mass. 217, 218.   *White* v. *McPherson,* 183 Mass. 533, 534.  *Old Silver Beach Corp.* v. *Falmouth,* 266 Mass. 224, 226. In dealing with evidence of this character it was said by Chief Justice Shaw in *New England Glass Co.* v. *Lovell,* 7 Cush. 319, at page 321: "It is not because a man has a reputation for superior sagacity, and judgment, and power of reasoning, that his opinion is admissible . . . .  But it is because a man's professional pursuits, his peculiar skill and knowledge in some department of science, not common to men in general, enable him to draw an inference, where men

of common experience, after all the facts proved, would be left in doubt." The competency of a witness offered as an expert lies largely, although not exclusively, within the discretion of the presiding judge. *Commonwealth* v. *Spencer,* 212 Mass. 438, 448. *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186, 189. *Johnson* v. *Lowell,* 240 Mass. 546, 549. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389, 393.

The trial judge was warranted upon the evidence in concluding that the issue was not whether a heater alone would cause the flame, but whether a heater in proximity to a highly inflammable substance might cause the flame. As it did not appear that the witness had any expert knowledge of the chemical properties, composition and inflammability of motion picture film, the trial judge in his discretion was warranted in ruling that the witness was not qualified to testify as to the cause of the flash of flame. No abuse of discretion on the part of the judge having been shown, that exception cannot be sustained. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527, 533. *Hines* v. *Waltham Manuf. Co.* 208 Mass. 282, 284. *Mann* v. *Scituate,* 260 Mass. 592, 593.

In view of the conclusion reached that there was no error in the exclusion of the proffered testimony for the reasons stated, it is unnecessary to consider whether it was properly excluded on other grounds argued by the defendant.

*Judgment on the verdict.*