Pettingell, J.
At the close of the trial the plaintiff requested the following rulings.
“1. The evidence in this case is sufficient as matter of law to warrant or support a finding for the plaintiff.
2. The evidence in this case is sufficient as matter of law to warrant or support a finding that the damage occasioned to the plaintiff’s property was caused by the defendant or by a person or persons for whose conduct the defendant was legally responsible.”
The trial judge disposed of these requests with the notation,
“Both rulings refused because no specifications were filed.”
*428 It is apparent from the notation made by the trial judge that he considered that the requests before him were governed by Rule 27 of the District Court Rules (1932 Ed.) and denied them because they did not contain specifications as required by that rule.
Rule 27, however, applies only to a ruling requested “upon all the evidence,” which involves a consideration of all the evidence, including its weight and credibility. The rulings in the case under consideration were of a different nature, and involve only the presence of some evidence sufficiently favorable to the plaintiff to warrant a finding in her favor. It does not mean that a finding in her favor is required.
The application of Rule 27 to a request such as this has been passed upon specifically by this Division in Sideris v. LaPorte’s Inc., Appellate Division Reports Vol. 1, No. 6, page 458, in which it was held that the rule does not apply to a request of this nature. See also, Morris v. McAndrew, Appellate Division Reports, Vol. 1, No. 5, page 403; Matlin v. Grant Co., Appellate Division Reports, Vol. 1, No. 6, page 414; Marquis v. Messier,* Appellate Division, Northern District, No. 1943.
The right of a party to ask the trial judge to rule on the legal effect of the evidence which has been presented has always been recognized, Brightman v. Eddy, 97 Mass. 478, at 481; and is the usual and proper way to raise the issue of its sufficiency. A general finding is good only if there is evidence sufficient to warrant it, and if the issue of 'sufficiency of the evidence has been properly raised, a finding" based upon insufficient evidence may be set aside. Chase v. Breed, 5 Gray 440, at 441, 445; Fay v. Alliance Ins. Co., Id Gray 455, at 461; Denny v. Williams, 5 Allen 1, at 4; Lamb v. Western Railroad Corp., 7 Allen 98, at 100; Reed v. Deerfield, 8 Allen 522, at 524; Brightman v. Eddy, 97 Mass. 478, at 481, 482; Markey v. Mutual Benefit Ins. Co., 103 Mass. 78, *429 at 87; Reed v. Ashburton Railroad, 120 Mass. 43, at 47; Snow v. Provincetown, 120 Mass. 580, at 587; King v. Nichols, 138 Mass. 18, at 23; Taylor v. Carew Mfg. Co., 140 Mass. 150, at 151, 152; Carter v. Goff, 141 Mass. 123, at 125, 126; Alger v. North End Savings Bank, 146 Mass. 418, at 421, 423; McCreary v. Boston & Maine Railroad, 153 Mass. 300, at 308; Cork v. Blossom, 160 Mass. 330, at 334; Brooks v. Old Colony Railroad, 168 Mass. 164, at 167; Aiken v. Holyoke Street Railway, 180 Mass. 8, at 10, 12; Dooley v. Greenfield &c. Street Railway, 184 Mass. 204, at 205, 206; Mason v. Gardner, . 186 Mass. 515, at 516, 517; Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301; Goyette v. Amor, Mass. Adv. Sh. (1936) 1057, at 1058, 1059.
The dual capacity of judge and jury, assumed by a trial judge who sits without a jury, is well recognized in our decisions. In Castano v. Leone, 278 Mass. 429, at page 431, the Supreme Judicial Court says of this responsibility of a trial judge,
“He must lay down correctly the pertinent rules of law for his own guidance; and having done that, he must follow those rules in making the findings of material facts upon the evidence.”
In a case, such as the instant one, before the judge can find the material facts, he must rule upon requests which have been presented, dealing with the sufficiency of the evidence. The “question whether there is evidence which should properly be submitted to the jury is sometimes a very nice one, since the court is not at that stage of the proceedings to pass upon the weight of the evidence but only to determine whether there is any evidence sufficient to go to the jury.” Hillyer v. Dickinson, 154 Mass. 502, at 503, 504; Lawless v. Connecticut River R. R., 136 Mass. 1, at 3.
In other words, the judge, as judge, is to decide, as a preliminary matter, whether, on a particular issue, there is *430 sufficient evidence which he, as judge, must as matter of law, submit to himself for consideration as jury. In deciding this question he cannot be controlled by his belief or disbelief of the evidence since he is not “at that stage of the proceedings to pass upon the weight of the evidence” or its credibility (which are matters of fact) but is only “to determine whether there is any evidence sufficient to go to the jury.” At this stage of the proceedings, the weight and value of the evidence are not within his province. Lawless v. Connecticut River R. R., 136 Mass. 1, at 3; Taylor v. Carew Mfg. Co., 140 Mass. 150, at 151, 152.
It is apparent that in deciding this preliminary matter, the trial judge cannot dispose of the issue by saying that he does not believe the testimony. In dealing with this question he is not the jury to pass upon its truth; “the weight of the testimony and the credit of the several witnesses is exclusively within the province of the jury,” Heywood v. Stiles, 124 Mass. 275; he is the judge, charged with the duty of deciding whether he will allow himself, as jury, to pass upon it. It is apparent also, that if he rules that there is insufficient evidence on a certain issue, he is ruling that there is nothing for him, as jury, to consider, and that, therefore, as jury, he does not consider it. If, on the other hand, he rules that there is sufficient evidence to warrant an indicated finding, he rules that, as jury, he is to give it consideration and is then, and not until then, to consider its weight and credibility.
In disposing of these requests, he must view the evidence in its aspect most favorable to the party mating them. He must decide whether, if taten to be true, the evidence will sustain the party’s contention. He must regard it, in this preliminary dealing with it, with all its possible inferences; Fay v. Alliance Ins. Co., 16 Gray 455, at 461; if “upon any reasonable view of the conflicting testimony it can fairly be *431 found as a fact” that the party has borne his burden of proof, he has a right to go to the jury, Aiken v. Holyoke Street Railway, 180 Mass. 8, at 11, 12. If there is evidence proper for consideration of the jury it must be submitted to them even though the preponderance of it may be so great as to require him to set aside a verdict rendered against that preponderance, Niland v. Boston Elevated Ry. Co., 208 Mass. 476, at 477, 478; McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450, at 454; Warner v. Fuller, 245 Mass. 520, at 529.
In this case there was evidence which, if believed, would warrant a finding for the plaintiff. The defendant as a tenant at will was “under an implied agreement to use the premises in a tenant-like manner, and not by his voluntary act unnecessarily to injure them.” A breach of this implied agreement, “creates a liability in an action of contract.” Chalmers v. Smith, 162 Mass. 561, at 564; Means v. Cotton, 225 Mass. 313, at 319. There was evidence of acts and conduct inconsistent with the implied agreement growing out of the tenancy. As has been pointed out, in disposing of requests, such as the ones denied, the itrial judge must act without regard to his belief or disbelief in the truth of the evidence, and must for the purposes of such disposition treat the evidence as if entirely worthy of credence.
There being evidence which, if believed, would warrant a finding for the plaintiff, it was improper to deny the requests. The only proper course was to allow them. If the consideration of the evidence, thus admitted to exist, resulted in the trial judge’s acceptance of it as true, a finding for the plaintiff was required. If such consideration resulted in a disbelief in its truth, the trial judge could then state that although such evidence existed, he did not believe it, and, consequently found for the defendant on the facts.
The denial of the rulings was prejudicial error because it *432 left in doubt what rule of law the trial judge had in mind. His decision left open the possibility that he did not consider the acts testified to as amounting to voluntary waste, or that he did not regard a tenant at will as liable for voluntary waste.
The finding for the defendant is to be vacated and the case is to stand for a new trial.

Reported in this issue of Appellate Division Reports, page 432.