Sullivan, J.
In this action of tort, the plaintiff, who, with her husband, was a tenant of the defendant, seeks compensation for injuries received by her, alleged to have been caused by the negligent repairs made on a chimney in the control of the defendant landlord. This case was tried with a companion case in which the plaintiff’s husband seeks damages against the defendant. The answer *301 contained a general denial and a plea of contributory negligence.
The court in its findings stated that “the plaintiff was a tenant of the defendant in a two family house. At the time the house was rented, there was in the kitchen a gas hot water heater, with an exhaust pipe leading into the chimney. Just prior to May 30, 1937, the defendant employed one Vassalotti, a mason, to repair the chimney in this two family house. Vassalotti sent his two sons to the place, built a staging, took down the chimney to a level with the roof, and then built it up, using some of the old bricks and some new bricks. Prior to the repairs on the chimney the gas heater in the plaintiff’s kitchen had given no trouble. After the repairs to the chimney were completed, the plaintiff used this heater for the first time on the morning of May 30, 1937. She got up about nine o’clock, lighted the heater in order that she and her husband both could take a shower bath. Somewhere about ten o’clock, her husband, while taking a shower bath, heard a fall. He went up stairs and found the plaintiff in a faint on the floor. Being unable to revive her, he called his sister and then the doctor. When the doctor came into the house, he noticed a strong smell of gas and diagnosed the complaint of the plaintiff as gas poisoning. I find as a fact the plaintiff was poisoned by the gas fumes and gas coming from this heater. Later the same day in response to a telephone call the defendant went to the premises and with the help of the plaintiff’s husband took down the stove pipe, and they removed from the chimney more than five pails full of soot, broken pieces of brick and mortar, and even then the chimney was not clear.
The plaintiff after two days was some better and went back to work against the advice of her doctor. Her work was light and consisted of finishing radio tubes and she *302 sat while working. After working four or five days she became worse, and had to stop work. She went to bed, suffered a miscarriage, which made an operation necessary.
I find as a fact that the negligent work of Yassalotti caused the chimney to become blocked, which fact prevented the heater from burning properly, and caused gas and gas fumes to escape, and that these fumes poisoned the plaintiff making, her seriously sick. I further find that the gas poisoning was directly responsible for her miscarriage, and that she was not guilty of contributory negligence by returning to work two days after the accident. I rule as matter of law, that, in as much as the negligent work done by Yassalotti created a nuisance, the defendant is liable for the damages resulting from the creating of this nuisance.” There was a finding for the plaintiff.
Thirty requests for rulings were filed by the defendant of which eight were given and the rest denied, the court assigning a reason for each denial.
Dr. Drosdick in answering the following question “When you came in the house did you smell illuminating gas or a bitter smell?” replied, over the objection of the defendant, that “There was a smell of illuminating gas from backing up of some mixture.” It is the contention of the defendant.that there was no evidence showing the Doctor qualified as an expert in chemistry or toxicology and the witness admitted that he could not qualify as such and his answer was not based upon expert knowledge. The question did not call for the witness’s opinion as to the cause of the accident. It was not a responsive answer. It was a conclusion of fact which he was not competent to give. See Fegah v. Quinlan, 256 Mass. 10.
The competency of a witness offered as an expert lies largely, although not exclusively, within the discretion, of *303 the presiding judge. Guinan v. Boston Elevated Ry., 267 Mass. 526, 527, 528 & cases cited. Adams v. Town of Bolton, Mass., Adv. Sh. (1937) 1067, 1069.
It was prejudicial error to allow the answer.
Defendant’s request #1 which is as follows “The evidence in this case is insufficient as matter of law to warrant a finding for the plaintiff” was denied by the trial judge because no specifications were filed. The court evidently had in mind Rule 27 of the District Court Rules (1932) which required the filing of specifications. The rule applies only to a request “upon all the evidence”, which calls for a consideration of all the evidence, including its weight and credibility. The requested ruling is of a different nature and involves only the presence of some evidence sufficiently favorable to the defendant to warrant a finding in his favor. It does not follow that a finding in his favor is required.
The application of Rule 27 to a request such as this has been passed upon specifically by this Division in Sideris v. LePorte’s Inc., Appellate Division Reports, Vol. 1 No. 6 at page 458, where it was held that the rule does not apply to a request of this nature. Westcott v. Doyle, Appellate Division Reports Vol. 2 — No. 5 — 427, 438 and cases cited. Marquis v. Messier, Appellate Division Reports Vol. 2— No. 5 — 432.
The right of a party to ask the trial judge to rule on the legal effect of the evidence which has been presented has always been recognized, Brightman v. Eddy, 97 Mass. 478, @ 481, and is the usual and proper way to raise the issue of its sufficiency.
A general finding is good only if there is evidence sufficient to warrant it, and if the issue of sufficiency of the evidence has been properly raised a finding based upon insufficient evidence may be set aside. Westcott v. Doyle, supra, & a collection of cases cited on pages 428, and 429.
*304 "Where a judge sits without a jury, he sits in a dual capacity of judge and jury and as a trial judge “He must lay down correctly the pertinent rules of - law for his own guidance; and having done that, he must follow those rules in making the findings of material facts upon the evidence.” Castano v. Leone, 278 Mass. 429, 431.
Before the trial judge can find the material facts in this case, he must, perforce, rule upon requests which have been presented, dealing with the sufficiency of the evidence. See Lawless v. Connecticut River R. R., 136 Mass. 1, 3. Taylor v. Carew Mfg. Co., 140 Mass. 150, 151, 152.
In disposing of requests the trial judge must view the evidence in its aspect most favorable to the party making them.
There was evidence if believed which would warrant a finding for the defendant and if disbelieved, the trial judge could state that though there was such evidence he did not believe it and therefor make a finding for the plaintiff on the facts.
The denial of the request left in doubt what rule of law the trial judge had in mind and such denial constituted prejudicial error.
There was no evidence that the chimney was in the exclusive control of the defendant, nor was there any evidence of the defective condition of the chimney previous to the accident. The defendant’s husband was unable to state that the gas was-burning at the time he shut off the heater, nor was there any evidence that the defendant exercised any control over the contractor or his sons while the repairs were in progress, or that the workmen were incompetent. There was evidence that the workmen performed the work in a careful manner.
*305 It is contended by the defendant that the work was performed by an independent contractor and therefore he is not liable for the injuries sustained by the plaintiff.
In McDermott’s Case, 283, Mass. 74, 76, it was stated that “if the person doing -the work is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it and is not subject to direction and control as to every detail of the work he is an independent contractor’’.
It is stated in Brogna v. Capodilupo, 279 Mass. 586, 592, that it is the duty of the defendant to use reasonable care to discover hidden danger and then to remedy it or give warning or notice to the plaintiff. There is no evidence that the heater was used until the day of the accident which was a few days after the repairs were made; the defendant contends that he had no cause to discover that a defective chimney or flue existed in the plaintiff’s kitchen, nor did he have available means to discover a defect in the chimney though there was evidence that several pails of soot and a handful of small pieces of brick and mortar were removed after the accident.
Chief Justice Rugg in Stumpf v. Leland, 174 Mass. 168 @ 175, laid down the rule “that in the absence of express contract or of fraud or misrepresentation, a tenant cannot recover of his landlord for injuries resulting* from a hidden defect in the demised premises unless the landlord actually knew of the facts constituting the defect and failed to disclose the defect to the tenant. There is no duty resting on the landlord to make, for the benefit of the tenant, search for hidden defects.”
The duty of the landlord applicable to this case was to use reasonable care to keep the chimney as safe as it was at the time of letting. Kelley v. First National Bank, 281 Mass. 169, 172, and cases cited.
*306 In Brogna v. Capodilupo, supra, the court states that there being no evidence the defendant actually knew of a dangerous condition in the gutter, if the defendant is to be held liable it can be only because there was evidence warranting a conclusion that he failed to use the care that an owner of ordinary prudence, in the same situation as he would have used to discover a condition of danger in the gutter. There was a finding for the defendant.
In Morrow v. Otis, 251 Mass. 65, 67, the plaintiff a tenant was injured by escaping gas from a heater in her tenement, on the first two nights of her occupancy and on the third day the gas fixture was repaired. There was no evidence that the gas fixture was defective or out of repair either before or after the plaintiff was made ill, and the court found there was not sufficient evidence to justify a finding of negligence.
In the instant case the windows and kitchen door were open.
We are of the opinion that there is not sufficient evidence to warrant a finding, that, in the circumstances, the defendant was negligent.
The trial court found that the repairs were made by an independent contractor, and that he was negligent and created a nuisance. There was no evidence that the defendant was in exclusive control of the chimney nor was there any evidence that the chimney was defective before the repairs were made.
Because we are of the opinion that a finding should be made for the defendant we deem it unnecessary to pass upon or comment further on the evidence and other issues and requests raised by the defendant. Finding for the plaintiff is to be vacated and a finding for the defendant is to be entered.