Briggs, J.
This is an action of tort, in which the plaintiff seeks to recover for damage to his motor vehicle by reason of the alleged negligence of the defendant. The answer is *312 a general denial, plea of contributory negligence, and plea of unlawful conduct of the plaintiff. No evidence is disclosed as to the latter two defences.
The defendant, at the close of the trial and before arguments, requested the Court to rule that “upon the pleadings and all the evidence, the plaintiff is not entitled to recover, for the following reason, the evidence does not warrant a finding of negligence on the part of the defendant, its agents or servants.”
The Court refused this request, found for the plaintiff, and made no special findings of fact.
The right of a party to ask the trial judge to rule on the legal effect of the evidence which has been presented has always been recognized, and it is the usual and proper way to raise the issue of sufficiency. A general finding is good only if there is evidence sufficient to warrant it. Brightman vs. Eddy, 97 Mass. 478, 481.
Before the judge can find the material facts, he must rule upon requests, which have been presented, dealing with the sufficiency of the evidence. As judge he has to decide, as a preliminary matter, whether there is sufficient evidence which he, as judge, must as a matter of law, submit to himself for consideration as jury. At this stage of the proceedings the weight and value of the evidence are not within his province. The weight of the testimony and the credit of the witnesses is exclusively within the province of the jury. Hillyer vs. Dickinson, 154 Mass. 502. Lawless vs. Conn. River R. R., 136 Mass. 1.
The Court could warrantably have found from the evidence disclosed by the report in this case that on December 29, 1937 at about 11:00 A. M. the plaintiff was operating his motor vehicle on Maple Avenue, in Brockton, when a wire, owned and maintained by the defendant, fell onto and struck the motor vehicle, becoming looped around the radia *313 tor cap, and causing damage to the vehicle; that earlier the same morning, one Dupuis, who lived on said Maple Avenue, had attempted to take down a decayed limb from a tree. The limb fell breaking one or more of the wires and leaving a length of wire dangling from a telephone pole, nearby. Dupius immediately went to the office of the defendant and reported the condition, taking two minutes to go there. He came back to the scene in about fifteen minutes, and started to gather up some of the wire that was then dangling, and secured that which was lying on the street.
There was evidence to show that the scene of the happening was in front of the Post Office in a busy business district in the heart of the city, and a two-minute walk from the office of the defendant. In the elapsed time between the notification of the defendant, and the happening of the accident, about twenty minutes, no one acting for or on behalf of the defendant appeared on the scene. There was no evidence as to whether any employee was available who could repair the condition.
It is disclosed by the report that the wire was owned and maintained by the defendant. A duty was thereby placed upon it to maintain its wires in such condition that they would not, by falling or otherwise, cause injury to property or persons using the streets. But assuming this duty to be absolute while in the condition it has put them, yet when it has been guilty of no negligence, and the conditions of the wires as left has been changed, so as to render them dangerous by the act of a third person, which the defendant had no reason to anticipate, it cannot be held liable for the injury until it has had reasonable time, after so becoming dangerous, to take necessary precautions. Mahoney vs. Libby, 123 Mass. 20. Ainsworth vs. Lakin, 180 Mass. 397.
*314 Time then, and the acts of the defendant, together with conditions surrounding the situation have probative force bearing on the question of whether the defendant did all that it reasonably should have done and acted with the degree of forethought that characterizes the conduct of a prudent man.
It appears that there was evidence before the Court that the distance from the dangerous condition to the office of the defendant was a walk of two minutes; that the condition created was in front of the Post Office, in a busy business district, in the heart of the city; that the accident occurred about twenty minutes after the conditions had been reported to the defendant; that no one acting for the defendant or on its behalf had appeared upon the scene to remedy conditions or to guard users of the way. From this evidence and the warrantable inferences therefrom there was no error by the Court in the denial of the requested ruling. The inference is reasonable that the danger could have been averted and the damage to the plaintiff avoided if the defendant had done anything to warn of the conditions and guard the public from a known condition which had a natural tendency to cause injury. There was evidence to warrant a finding that the failure of the defendant to act constituted a disregard of the probable consequences. It is enough that there was some evidence to sustain the finding of the Court.
No error is disclosed and the entry must be,
Report dismissed.