# Boyd *v.* Indian Head Mills of Alabama.

*Action by Employe against Employer to recover Damages for Personal Injuries.*

1. *Risk voluntarily and knowingly assumed by employee.*—In an action by an employe against an employer to recover damages for personal injuries sustained while operating a machine in the discharge of his duties, where the injury sustained is alleged to have resulted from negligence of defendant in failing to provide proper machinery, defects in that furnished, and in failing to provide a safe place whereon to work, the employer will not be held liable when the employe knowingly and voluntarily assumes the risk.

2. *Employer's liability; delegation of duty by foreman.*—An employer will not be held liable for personal injuries received by an employe while in the discharge of his duties under the direction of one acting as foreman by the request of

the person employed by defendant to act as foreman, but who had no authority, express or implied, to appoint another in his place.

APPEAL from the Circuit Court of Walker.
Tried before the Hon. A. A. COLEMAN.
A sufficient statement of facts appears in the opinion.

McCULLUM & McGREGOR, for appellant, cited *Eureka v. Bass*, 81 Ala. 200; *K. C., M. & B. R. R. Co. v. Davis*, 99 Ala. 593; *L. & N. R. R. Co. v. Wilson*, 85 Ala. 269.

COLEMAN & BANKHEAD, *contra*, cited *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *Eureka Co. v. Bass*, 81 Ala. 200; *Birmingham Ry. Co. v. Allen*, 99 Ala. 359; *Bridges, Admr. v. T. C. I. & R. R. Co.*, 109 Ala. 287.

SHARPE, J.—Plaintiff was employed by defendant to assist in pushing tram cars from a mine which was being opened along and to the end of a trestle and there emptying the car. The car had to be emptied by tipping or overturning it so that its contents would fall below. Ordinarily in operation of mines so situated an appliance called a tipple which tips or upturns a car when the same is run upon it, is used for emptying but none had been attached to this trestle. Instead of it, blocks of wood shaped and placed so the car wheels would come against them, were nailed to the trestle. In assisting to empty a car in this way one of the blocks depended on to hold the wheels, split away and caused the car to swerve against the plaintiff, whereby he was thrown from the trestle and received the injury for which he sues.

In different counts the complaint imputes negligence to the defendant in failing to have a tipple; in using weak blocks as a tipple; in not furnishing plaintiff a safer place whereon to work; also in striking plaintiff with the car, and again for the fault of one intrusted by defendant with superintendence. In the evidence we have failed to find support for either of these charges of negligence. It is plain that defectiveness of the blocks which gave way under pressure of the car wheels

was the proximate cause of the injury. The other conditions including the absence of any tipple, and the character of the trestle, were open to ordinary observation and must have been known to defendant. Whatever danger to plaintiff they involved was open to ordinary understanding and must have been fully understood by him. He must, therefore, be held to have assumed the risk incident to emptying cars without a tipple. As a general rule a risk knowingly and voluntarily assumed by an employe cannot by him be imputed to negligence as to employer.—*B. R. & E. Co. v. Allen*, 99 Ala. 359; *Eureka Co. v. Bass*, 81 Ala. 201; Bailey's Per. Inj., §§ 455 *et seq.; So. R'y. Co. v. Guyton*, 122 Ala. 231.

The blocks which proved defective were placed and used by direction of one John Gray. He was acting as foreman but only by request or direction of his father William Gray, who was the person employed by defendant to act as foreman. William Gray deposed that he had no authority to so appoint his son and there was no evidence to discredit his statement. That a foreman's authority extends to the placing of others in authority may in some cases be implied, as where the character of the work of which he is given charge necessitates it, and such delegation of authority may be inferred from acquiescence in its exercise; but here there is no evidence from which such implication or inference can arise. Under the evidence such negligence as may be attributed to John Gray in respect of using or placing the blocks to hold car wheels or directing the work can be given no more effect than the fault of a fellow servant such as neither the common law nor the statute (Code, § 1749) makes the common employer liable for.

The rulings on pleadings and evidence assigned as error were not such as to hinder the plaintiff in presenting and proving his case; and the whole evidence shows as a legal conclusion that the plaintiff was without right to recover under either count of the complaint. Consequently it appears that those rulings could not have injured the plaintiff so as to give cause for reversing the judgment.

Affirmed.