[Pierson Lumber Co. v. Hart.]

# Pierson Lumber Co. *v*. Hart.

*Action by Employe for Damages for Personal Injury.*

[DECIDED Nov. 29, 1905, 39 So. REP. 566.]

1. *Master and Servant; Relation; Pleading.*—An allegation in a complaint that plaintiff was employed by defendant as log boss or foreman, sufficiently describes the character of employment.

2. *Same; Cause of Injury.*—An allegation that plaintiff was placed in a position of peril, without giving particulars causing peril, is sufficient, in an action for injuries to an employe received in jumping from a car to avoid imminent peril.

3. *Same; Acts in Emergencies.*—It is not necessary to show in order to recover, in an action for injuries to employe in jumping from a car to avoid imminent peril, that it was actually necessary for him to jump.

4. *Same; Appliances; Negligence.*—The law will not assume that it is negligence not to have a particular kind of brake.

5. *Same; Position of Peril.*—The fact that the train was running but ten miles per hour does not authorize an instruction that plaintiff was not in a position of peril when he jumped and was injured.

6. *Same; Unexpected Danger; Ordinary Care.*—It is for the jury to say, under all the facts, whether or not, the plaintiff exercised reasonable care and diligence, such as a reasonably prudent man would exercise under similar circumstances, when exposed to sudden and unexpected danger, to save himself from injury.

7. *Same; Contributory Negligence; Plea; Insufficiency.*—A plea of contributory negligence which does not allege, in answer to an action for injuries received in jumping from a car to avoid imminent peril, that the danger from the supposed defect was obvious or was known to plaintiff, is insufficient.

APPEAL from Covington Circuit Court.

Heard before Hon. H. E. PEARCE.

The case is one for damages for personal injuries received by an employe while in the discharge of his duties, and the complaint is in the following language:

Count 1. The plaintiff claims of the defendant corporation, doing business in the county of Covington, State of Ala., the sum of Twenty Thousand dollars as damages, for that, whereas, heretofore, on, towit, the 19th day of October, 1903, the plaintiff was in the employ of the defendant as foreman or boss of a crew of men engaged in hauling logs on a log train of defendant, propelled by steam power on a railroad operated by defendant in said county; that while plaintiff was riding on the rear end of the said train on said day, while in the discharge of his duties within the scope of his employment, the train being loaded with logs, the said train struck and ran over a cow, causing the read trucks of the car on which plaintiff was riding to run off the track, by reason of which the said car was jerked roughly and violently along the cross ties, putting plaintiff in great peril, and the plaintiff in attempting to alight from said car to avoid the danger of being thrown therefrom or injured by the logs with which the car was loaded, had his leg broken, bruised, lacerated so that it had to be amputated below the knee, and plaintiff was bruised and wounded in other parts of his body, and was permanently disabled to perform manual labor and earning money, and was put to great trouble and expense in procuring medicine, medical attention, care and nursing in and about his effort to heal and cure his said wounds and injuries, and was caused to suffer great mental and physical pain. And plaintiff avers that he was injured as aforesaid by reason of a defect in the condition of the works, ways, machinery or plant connected with, or used in the business of the defendant, in that the engine which was pulling said train had no pilot or cow catcher, which caused said train to run upon and over said cow causing the injuries aforesaid; and plaintiff avers that such defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery or plant were in proper condition.

Count 2. (Same as count 1 down to and including words "mental and physical pain.") And plaintiff avers

[Pierson Lumber Co. v. Hart.]

that he was injured as aforesaid by reason of a defect in the condition of the ways, works, machinery or plant connected with or used in the business of the defendant, in that the brake beam on the car on which plaintiff was riding was too low, which caused the same to come into contact with said cow, and which caused the trucks of said car to be thrown from the rails, and plaintiff avers that such defect arose from or had not been remedied owing to the negligence of the defendant, or of some person in the service of the defendant and intrusted by it with the duty of seeing that the ways, works machinery or plant were in proper condition. Count 3. (Same as count 1 down to and including the words "mental and physical pain" where they occur therein.) And plaintiff avers that said injury was caused as aforesaid by reason of and as a proximate consequence of the negligence of a person in the service or employment of defendant, towit, one J. O. Acree, who had superintendence intrusted to him, whilst in the exercise of such superintendence. in this; the plaintiff was inexperienced in such work, by reason whereof such work was dangerous to plaintiff, and that the said person, with the knowledge of plaintiff's inexperience and the danger to him in said work, caused the plaintiff, who was inexperienced therein, to work at said work, and negligently failed to warn and instruct him, or see that he was warned or instructed concerning the dangers thereof, and by reason of such negligent failure to warn and instruct plaintiff under the circumstances aforesaid, plaintiff was injured as aforesaid. Count 4. (Same as count 1 down to and including the words "mental and physical pain" where they occur in said count.)

And plaintiff avers that he was injured as aforesaid by reason and as a proximate consequence of the negligence of a person in the service or employment of the defendant who had charge or control of the locomotive which was pulling said train, in this; that the said engineer negligently ran such engine against, upon and over said cow. Count 5. (Same as count 1 down to and including the words "mental and physical pain" where they occur in said count.) Plaintiff avers that he was in-

jured as aforesaid by reason of a defect in the conditions of the ways, works, machinery, or plant connected with or used by or in the business of the defendant, in that the engine which was pulling said train had no air brakes or steam brakes thereon or attached thereto, which prevented said engine from being stopped in time to avoid the accident or avoid striking said cow, and plaintiff avers that such defect arose from or had not been discovered by or remedied owing to the negligence of the defendant, or of some person in the service or employment of the defendant and intrusted by it with the duty of seeing that the ways, works, machinery or plant were in proper condition. Count 6. (Same as count one down to and including the words "mental and physical pain" where they occur in said count.) Plaintiff further alleges that the engineer in charge of the locomotive attached to said train, towit, one C. Sauls, ran said engine and train over a rough uneven railroad track down a sharp incline at a high rate of speed, towit, thirty miles per hour; without any cow catcher or pilot attached thereto, and without having attached to said engine any air brakes, or steam jam brakes, or other proper appliances for stopping the said train or checking the speed thereof, the said train being at the time heavily loaded with logs loaded onto car without any flooring, plaintiff and other employees being at such time riding on said logs on the rear car of said train, and while said train was being run as aforesaid it struck a cow, running upon said cow causing the rear trucks of the car on which plaintiff was to leave the track whereby the plaintiff was forced to jump from said car, and his leg was broken thereby, and the said engineer knowing plaintiff's perilous position and danger, and that the running of said train as aforesaid would probably result in injury to the plaintiff, and in utter disregard of plaintiff's safety, ran said train as aforesaid, and thereby wantonly caused the plaintiff to be injured as aforesaid .

The defendants filed a lot of demurrers to each count of the complaint all of which were overruled.

[Pierson Lumber Co. v. Hart.]

The defendant then filed a number of special pleas, besides the general issue, among them: Plea 1. That the plaintiff by his negligence contributed to the injuries complained of directly and proximately, in this; that at the time of the injuries complained of, defendant's train was running at a very slow rate of speed, towit, about ten miles an hour, and while said train was running at said rate of speed, plaintiff jumped therefrom and sustained the injuries complained of. And plea 6. That at the time of the injury complained of plaintiff was on the rear car of defendant's train, that by remaining on said log train the plaintiff would not have been injured, but instead of remaining thereon, the plaintiff, while said train was in motion, jumped therefrom, and in consequence thereof, and as the direct and proximate result of so jumping, sustained the injuries complained of. And plea 7. That at the time of the injuries complained of, plaintiff was on the rear car of defendant's log train, that said train was at the time running at the rate of about ten miles per hour and while said train was in motion the plaintiff jumped therefrom, and in consequence of so doing, sustained the injuries complained of; and defendant avers that if the plaintiff had remained upon said train and car and had not jumped therefrom while said train was in motion, he would not have sustained the injuries complained of. And plea 12. That at the time of the injuries complained of plaintiff knew of the defects in the ways, works, machinery or plant of the defendant complained of, and with a knowledge of such defects, voluntarily undertook the employment alleged in the complaint wherefore defendant says that it is not liable for the injuries sustained and complained of.

Demurrers were interposed and sustained to these pleas.

The evidence for the plaintiff tended to support the allegations of the complaint, there was conflict as to all material matters presented by the pleadings, and the other facts necessary to a proper understanding of the opinion appear therein.

POWELL, ALBRITTON & ALBRITTON, for appellant. The demurrers interposed to the complaint should have been sustained.

Especially is this true as to count 5.

The demurrers to the defendants pleas should not have been sustained. Demurrers to the 12th plea ought to have been overruled.—*Boyd v. Indian Head Mills,* 131 Ala. 356.

The evidence does not correspond with nor sustain the allegations of the complaint, and the general affirmative should have been given for defendant.—*Pryor v. L. & N. R. R. Co.,* 90 Ala. 32; *L. & N. R. R. Co. v. Davis,* 91 Ala. 487; *Hood v. P. M. & M. Co.,* 95 Ala. ·461; *Conrad v. Gray,* 109 Ala. 130.

Charge 3 requested by defendant should have been given.—*So. Ry. Co. v. Howell,* 135 Ala. 639. So should charges 4 and 5 have been given.—*S. S. S. & I. Co. v. Mobley,* 139 Ala. 425.

STALLINGS & REID and C. C. NESMITH, for appellee. The counts of the complaint were sufficient, and the court did · err in overruling the demurrers thereto. *Wrens case,* 136 Ala. 479.

The court properly sustained the demurrers to defendants pleas.—*Hulsey's case,* 132 Ala. 445.

The charges refused to the defendant were properly refused.—*Dorsey v .State,* 134 Ala. 553; *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 586; *Hulsey's case, supra; Bessemer Liquor v. Tillman,* 139 Ala. 462.

SIMPSON, J.—This was an action for damages, resulting from an injury received by the plaintiff, as he claims, while in the employment of the appellant and while jumping from a car to avoid imminent peril.

The first insistence of appellant is with regard to the first four assignments of error relating to the overruling of defendant's demurrer to the complaint; it being insisted, first, that the character of plaintiff's employment is not 'definitely stated, inasmuch as it is stated in· the complaint that he was employed as a foreman or boss; second, that it was not alleged that the plaintiff was in

[Pierson Lumber Co. v. Hart.]

any danger of being thrown from the car or being seriously injured when he jumped from the same. The demurrers were properly overruled. The important relationship to show is that of employe, and the further designation of "foreman or boss" is sufficiently specific; the names each indicating the same general duties. The allegation that he was placed in a position of peril is sufficient, without entering into the particulars as to what caused the peril, and, being in a position of peril, it was not necessary to show that it was actually necessary for him to jump to save himself.—*Postal Telegraph Co. v. Hulsey,* 132 Ala. 447, 31 South. 527.

The court erred in overruling the demurrer to the fifth count, as the court could not assume that it was negligence not to have a particular kind of brake.

The demurrer to the first plea was properly sustained. The fact that the train was running only at the rate of 10 miles an hour would not authorize the court to say that plaintiff was not in a position of peril.

The sixth and seventh pleas were properly held to be subject to demurrer. One exposed to sudden and unexpected danger is not responsible for acting without judgment or wildly, and whether he so acted depends materially upon the facts and circumstances of the case. The proper inquiry is, considering his surroundings at the time, did he exercise such reasonable care and diligence as would be expected of a prudent and reasonable man under similar circumstances?—*Postal Tel. Co. v. Hulsey, supra.* It was for the jury to say whether or not, considering the circumstances, he did exercise such reasonable care and diligence.

The demurrer to the twelfth plea was properly sustained, as said plea did not allege that the danger from the supposed defect was either obvious or known to the plaintiff.—*Boyd v. Indian Head Mills,* 131 Ala. 356, 31 South. 80; *Sou. Ry. Co. v. Guyton,* 122 Ala. 231, 241, 25 South. 34. The plea was otherwise insufficient.

There was sufficient evidence on the subject of plaintiff's employment, and the nature of it, to go to the jury. Consequently there was no error in the refusal to give the general charge, requested by the defendant.

Charges 3, 4, 5 and 11, requested by the defendant, were properly refused.—*Sou. Ry. Co. v. Howell,* 135 Ala. 639, 648, 34 South. 6.

Charge 12 was properly refused. There was not any proof of negligence in the plaintiff, or of negligence or unskillfulness in the treatment by his physician. The only evidence is that he was very nervous, and that the doctor would find the bandages disarranged when he visited him. There was no evidence of any conscious fault of the plaintiff.—*Postal Tel. Co. v. Hulsey, supra.*

Charge 15 was properly refused. The plaintiff himself testifies that he was employed as foreman, and there is other testimony from which the jury might have found that he was so employed.

Charges 17 and 18 were properly refused. The complaint alleges that the plaintiff was foreman or boss of a crew of men engaged in hauling logs on a log train. Although his special duties may have been to attend to and supervise the loading and unloading of logs on said train, it is difficult to see how he could have performed these duties without going on the train from the place of loading to the place of unloading.

The judgment of the court is reversed, and the cause remanded.

HARALSON, TYSON, and ANDERSON, JJ., concur.