# Stewart *v.* Nashville, C. & St. L. Ry.

*Injury to Servant.*

(Decided January 17, 1913.   Rehearing denied February 6, 1913.
61 South. 73.)

1. *Master and Servant; Injury to Servant; Liability.*—Where a locomotive engineer while operating his engine at night discovered another engine, with headlight burning, about 40 yards ahead, which was on a spur track, but which he supposed to be on the main line, and that a collision was imminent, leaped from his engine, and was injured, he cannot recover for the injury resulting upon the theory that the company was negligent in failing to warn him of the spur track, or in leaving the engine on it so close to the main line as to deceive him, or in not screening or extinguishing the headlight of such engine, since it was stationed a safe distance from the main line.

2. *Same; Assumption of Risk; Apparent Danger.*—Under the facts in this case, the engineer must be held to have assumed the responsibility of determining for himself what he would do for his own safety where he misjudged ordinary and usual conditions which were not in fact at all dangerous.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Homer Stewart against the Nashville, Chattanooga & St. Louis Railway for damages. From a judgment for defendant on demurrers, plaintiff appeals. Affirmed.

The original complaint contained three counts. Plaintiff's case against defendant was founded upon the following facts:   Plaintiff was locomotive engineer in the service of the Southern Railway Company on its main line between Tuscumbia, Alabama., and points in Tennessee beyond Stevenson, Ala.   Between the latter point and Chattanooga, Tenn., the Southern Railway Company "habitually and lawfully made use of the track" of the defendant company, a common carrier operating its own cars over the same track.   Plaintiff, while run-

ning his engine at a speed of about 20 miles an hour over said section of defendant's line in the nighttime, as he approached a curve on the said main line of the defendant company, suddenly discovered, about 40 yards in front of him, the headlight of another engine, which, on account of the curve, appeared to plaintiff to be on the main line. This apparition, as is alleged, produced upon plaintiff the impression that a head-on collision was imminent and unavoidable, as it would, in fact, have been had the strange engine been on the main line; whereupon he was "seized with dismay and fright, and, as the only mode of escape from his peril and danger, plaintiff jumped from his engine, while in motion, as aforesaid, to the ground, alighting on his feet with force and violence, and from the impact with the ground plaintiff was injured in his feet and legs by the concussion, and his feet and legs were thereby injured, by contusion, bruises, strains, and sprains," etc.

The first count alleges that the strange engine was not in fact on the main line, but upon a spur track, which left the main line on the outside of the curve, and the plaintiff was ignorant of the existence and use of the spur. The negligence counted on is the failure of defendant to inform plaintiff of the building of the spur.

After showing the same facts as the first count, the second and third counts show that the strange engine was about five feet from the main line, and the negligence counted on in the second count is the failure of defendant to remove it from such close proximity to the main line as to prevent the false appearance of its being actually upon it; while the negligence counted on in the third count is the failure of the defendant to screen or extinguish the headlight of said engine, so that it would not deceive plaintiff as it did.

Five additional counts were added to the complaint by way of amendment. Of these, counts 4, 5, and 6 do not differ in substance and effect from counts 1, 2, and 3, respectively. Counts 7 and 8 charge the same breaches of duty as counts 1 and 2, respectively, but are fuller in their averments of the facts. They aver in particular that plaintiff's employer, the Southern Railroad Company, was using the said section of defendant's line under a contract of hire, by which all trains, engines, and employees of the Southern Company, while running on defendant's said line, were run and handled by the orders and under the full control of defendant; and that at the time of his injury plaintiff was running by defendant's orders and under its control.

Eleven grounds of demurrer were interposed to each and every count severally and separately, and the trial court sustained the demurrer, or demurrers, generally to each count.

JAMES H. BRANCH, and KIRK, CARMICHAEL & RATHER, for appellant. The Southern Railway having been allowed to use defendant's track at the point where the injury occurred, defendant owed the employees of the Southern Railway the same duty that they owed their own employees.—C. of Ga. v. Martin, 138 Ala. 531; Wood v. Lock, 147 Mass. 604; 1 Dresser 479; 164 Ind. 470. The duty to warn of the construction and use of the spur track was on defendant.—L. & N. v. Hall, 87 Ala. 708; L. & N. v. Banks, 104 Ala. 508; N. B. S. Ry. Co. v. Wright, 130 Ala. 419; Robinson M. Co. v. Tolbert, 132 Ala. 462; L. & N. v. Boland, 96 Ala. 626; 1 Dresser 462; 4 Thomp. on Neg. pp. 291 and 767; 47 N. W. 665. On these authorities, the court was in error on its ruling on the complaint. Employees do not assume the risk

increased or caused by the employer's negligence.—*L. & N. v. Stutts*, 105 Ala. 368; *Postal T. Co. v. Hulsey*, 132 Ala. 444; *So. Ry. v. Howell*, 135 Ala. 639; *L. & N. v. Baker*, 106 Ala. 624; *N. Ala. v. Shea*, 37 South. 797; *Wes. of Ala. v. Russell*, 144 Ala. 142; *Ga. Pac. v. Davis*, 92 Ala. 300. One exposed to sudden and unexpected danger is not responsible for acting without judgment or wildly, and whether he so acts depends materially upon the facts and circumstances surrounding him, as he sees them.—*Postal T. Co. v. Hulsey, supra; B. R. & E. Co. v. Butler*, 135 Ala. 388; *Pearson L. Co. v. Hart*, 144 Ala. 239.

SPRAGINS & SPEAKE, for appellee. But little argument is necessary on the propositions here involved, and the following authorities will be found to uphold all the rulings of the trial court on which error is sought to be predicated.—*Wes. Ry. v. Mutch*, 97 Ala. 199; 144 Ala. 143; 146 Ala. 285; 149 Ala. 613; 155 Ala. 253; *Knowles' Case*, 129 Ala. 410; 109 U. S. 378; 114 Ala. 398; 121 Am. St. Rep. 526; Bailey on Master and Servant, pp. 158, 166 and 181.

SOMERVILLE, J.—The plaintiff, a locomotive engineer in the service of the Southern Railway Company, while operating his engine at night over a section of the defendant's main line, used by his employer under an agreement with defendant, discovered, about 40 yards ahead of him, another engine with headlight burning, supposing it to be on the main line, and a collision with it imminent, was seized with fright, leaped from his engine, and was injured. It is alleged that plaintiff's inference and his fright, and his effort to escape from the supposed peril, were, under the circumstances, reasonable and proper; and that his injury was

due to defendant's breach of duty owed to him in not warning him of the existence and use of the spur track, or in leaving its engine so close to the main line as to deceive him, or in not screening or extinguishing the engine's headlight.

We are referred by counsel to no precedent for a recovery in such a case as this, and our own researches lead us to conclude that the case is one of first impression in the courts. If plaintiff is entitled to recover, it can only be because defendant has violated some duty owed to him in the premises.

We are referred by plaintiff's counsel to the doctrine which justifies one who is assaulted by the willful act of another to act reasonably upon appearances, and to do in defense what a reasonable man would do under like circumstances; and, again, to the right of recovery for a civil assault, when one is put in fear by an apparent demonstration of force, although there was no intent to harm, and no danger of harm in fact. Reference is made, also, to the doctrine that one who is, by the wrongful or negligent conduct of another, in violation of a duty owed him, brought into sudden peril, and who in the effort to escape it, acts wildly and runs into danger and is injured, although cool circumspection would have enabled him to choose a safe escape, is nevertheless not barred of his recovery by reason of contributory negligence, if his conduct was that of an ordinarily prudent man under such circumstances.—*L. & N. R. R. Co. v. Thornton,* 117 Ala. 274, 23 South. 778; *Postal Telegraph Co. v. Hulsey,* 132 Ala. 447, 31 South. 527; *Pierson Lumber Co. v. Hart,* 144 Ala. 239, 39 South. 566. In the first two instances, however, there is a willful breach of an unquestionable duty not to put any one in fear by any demonstration reasonably calculated to do so; and in the last there is *actual* peril to the plain-

tiff resulting from a breach of the defendant's specific duty not to thus cause him an injury.

The case of *B. R. & E. Co. v. Butler*, 135 Ala. 388, 33 South. 33, is more nearly in point. There a passenger sued the carrier company, and the complaint alleged in the alternative that the defendant's servant caused another of its cars "to appear to be in imminent danger of collision" with the car on which plaintiff was riding, whereby he was caused to jump, to his injury. On demurrer, it was held that, to state a cause of action, it should appear that the appearance of imminent danger was such as to convince a reasonable person of the imminence of such danger; and that plaintiff jumped from the car to save himself, as *any reasonable person* might have done under such circumstances. We are not disposed to question the view that such a count states a good cause of action in favor of a *passenger* against his carrier. We assume, however, that even in that case there must be actual negligence in the management of the carrier's cars, and actual danger to the passenger in the situation produced, though it may not be actually *imminent*; or else there must be a willful attempt by the carrier's servant to frighten the passenger —itself, of course, a breach of the specific duty owed him. But, however that may be, that case is clearly not applicable here.

The construction and use of side tracks and spurs at convenient places is but an ordinary incident to the use and operation of railroads. They are not, in themselves, dangerous, and add nothing to the perils of service on the main line, except as they may be negligently left open at improper times. And so their use for the purpose here complained of is both customary and proper, and did not endanger the safety of any train or any person passing over the main line. It does not

appear that this spur was not ordinarily visible to an engineer approaching it on the main line, nor that the position of an engine standing on the spur would not be plainly marked to him by its supporting rails branching from the main line. We are unable to see that its structure and proper use was in any sense a menace to the employees of either company; nor can we predicate thereon a duty to warn employees of the existence of something which defendant might reasonably assume could and would be perceived and understood by them in the ordinary course of their service. So of the position of the engine on the spur. If it was stationed at a safe distance from the main line, there was no breach of defendant's duty in that respect; and certainly no breach of duty in keeping the headlight burning, if, indeed, that was not itself a positive duty, under the circumstances.

It may be conceded that plaintiff's leap to escape from the flaming face of a mogul engine, thus unexpectedly seen in the night, might be no more nor less than what a reasonable man might have done, had he supposed it to be standing on the main line. Nevertheless, we think his case must fail, because the defendant was not guilty of any breach of duty to him, and because he must be held to have assumed the responsibility of determining for himself what he would do for his own safety, when he misjudged ordinary and usual conditions, which were not at all dangerous in fact.

Reduced to its last analysis, the complaint would impose upon defendant the duty of informing plaintiff, not of danger, but of the *absence of danger*—a rule of conduct not prescribed by any authority known to us, and which, we think, cannot be supported by either reason or the requirements of sound policy.

We have considered the case as if the defendant owed to the employees of the licensee company the same duty it owed to its own employees, which, however, we do not decide, and in the light of the averments of those counts which state the case most strongly and favorably for the plaintiff; and our conclusion is that they show no right of action. The judgment of the circuit court sustaining the demurrer must therefore be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.